BARFIELD, Judge.
Estileta Bethune, the plaintiff in a negligence action against Santa Rosa Hospital (Hospital) and Servicemaster Management Services Corporation (Servicemaster), asserts that the trial court erred in granting the Hospital’s motion for a directed verdict.[1] Servicemaster challenges by cross-appeal the trial court’s denial of its motion for attorney fees under section 57.105, Florida Statutes (1985). We affirm the denial of Servicemaster’s motion, but reverse the directed verdict for the Hospital.
Mrs. Bethune sued the Hospital and Servicemaster for injuries she suffered as the result of a fall in the bathroom of her hospital room, allegedly caused by a puddle of water near the sink. Because the record contains evidence from which the jury could have determined that the puddle was caused by a leak in the pipe under the sink, that the water had been on the bathroom floor for a sufficient length of time so that the Hospital should have discovered it,[2] and that the plaintiff was unaware of the water on the floor prior to her fall, the trial court erred in directing a verdict for the Hospital.
We reject Servicemaster’s claim that the trial court erred in denying its motion for attorney fees because the record does not contain a transcript of the hearing on Servicemaster’s motion for summary judgment, which was denied by the trial court. Without some showing that the trial court erred in that ruling, we must presume that the trial court’s denial of the motion for summary judgment was based upon a valid finding of a “justiciable issue” in the claim, and that this finding supports its denial of the motion for attorney fees based on a “frivolous claim”.
The denial of Servicemaster’s motion for attorney fees is AFFIRMED. The directed verdict for Santa Rosa Hospital is REVERSED, and the case is remanded for further proceedings.
SHIVERS and NIMMONS, JJ., concur.

. .Servicemaster, which provided housekeeping services for the Hospital, was also granted a directed verdict and was named as appellee, but appellant voluntarily dismissed Servicemaster as appellee after its answer brief was filed.

. The record also contains testimony from which the jury could have concluded that the Hospital actually knew about the leak.