MICKLE, Judge.
Roberts & Roberts, Inc., appeals 1) an order denying its motion for leave to file an amendment to its complaint, 2) an order granting summary final judgment in favor of Barnett Bank of Tallahassee on all counts of the complaint, and 3) an order granting summary judgment in favor of Capital Asphalt on all counts of the complaint. Summary judgment is proper only where “the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Fla. R. Civ. P. 1.510(c); Holl v. Talcott, 191 So.2d 40 (Fla.1966). Having carefully reviewed the extensive record in this appeal, we conclude that there are genuine issues relating to material facts (and there are different reasonable inferences deriving from certain uncontroverted facts) relating to both motions for Summary judgment. The disputed factual issues include, inter alia, whether the appellant unconditionally accepted the returned deposit check and elected its remedy. Under these circumstances, summary judgment is not appropriate. Accordingly, we reverse the orders granting summary judgment in favor of Barnett Bank and Capital Asphalt, and we remand for further proceedings. Given the liberal Florida rule governing amendment to pleadings, we conclude that the trial court abused its discretion in refusing to allow the appellant to amend is complaint to add a third count for damages. Fla. R. Civ. P. 1.190; Spradley v. Stick, 622 So.2d 610 (Fla. 1st DCA 1993) (“[Rjefusal to allow amendment of a pleading constitutes an abuse of discretion unless it clearly appears that allowing the amendment would prejudice the opposing party; the privilege to amend has been abused; or amendment would be futile.”).
REVERSING orders granting summary judgment in favor of Barnett Bank of Tallahassee and Capital Asphalt, and REMANDING for further proceedings, WITH DIRECTIONS that the trial court allow the appellant to amend its complaint.
LAWRENCE, J., and KUDER, JOHN P., Associate Judge, concur.