851 So.2d 770 (2003)
Phillip N. NORLAND, Appellant,
v.
VILLAGES AT COUNTRY CREEK MASTER ASSOCIATION, INC., Jack Blackburn, Frank Binka, Ed Eisele, Robert Spurlock, Wimp Moyer, George Falber, Robert Selby, Gene Hersch, and Bill Martin, Appellees.
No. 2D02-3858.
District Court of Appeal of Florida, Second District.
July 2, 2003.
Rehearing Denied August 1, 2003.
*771 Phillip N. Norland, pro se.
Michael R. Whitt and Sanjay Kurian of Becker & Poliakoff, P.A., Ft. Myers, for Appellees.
CANADY, Judge.
Phillip N. Norland appeals an award of attorney's fees that followed the dismissal of his lawsuit against the appellees, Villages at Country Creek Master Association, Inc. (a homeowners' association), and members of its board of directors. Norland's complaint alleged a failure to comply with the provisions of chapter 617, Florida Statutes (1999), relating to the duties of homeowners' associations. Section 617.305(1) provides that the prevailing party in such litigation is entitled to recover attorney's fees. The appellees became the prevailing party when Norland's claim was dismissed for failure to prosecute. See Stout Jewelers v. Corson, 639 So.2d 82 (Fla. 2d DCA 1994) (holding that defendant was prevailing party for purposes of awarding attorney's fees when plaintiff's complaint was dismissed for failure to prosecute). Accordingly, we affirm the award of attorney's fees pertaining to proceedings before the trial court.
However, we reverse the portion of the fee award pertaining to Norland's previous appeals concerning the trial court's dismissal of his suit. Since  as the appellees concede  neither this court nor the Florida Supreme Court issued an order awarding fees for Norland's previous appeals, the trial court was without authority to award such fees. See Rados v. Rados, 791 So.2d 1130, 1131 (Fla. 2d DCA 2001) (stating that ordinarily "[a] trial court cannot award appellate attorney's fees unless the appellate court has authorized such an award"). We therefore direct the trial court to recalculate the attorney's fee award without including fees for those appeals.
Affirmed in part, reversed in part, and remanded with instructions.
NORTHCUTT and STRINGER, JJ., concur.