961 So.2d 1025 (2007)
Amado Evarito GARCIA, Appellant,
v.
Renee STEWART and Woodgate Condominium Association, Inc., Appellees.
No. 4D06-1815.
District Court of Appeal of Florida, Fourth District.
July 18, 2007.
Rehearing Denied August 30, 2007.
*1026 Brenda Cox of Brenda Cox, P.A., Boca Raton, for appellant.
Ronald E. D'Anna and Jennifer J. Kramer of McClosky, D'Anna & Dieterle, LLP, Boca Raton, for appellee Woodgate Condominium Association, Inc.
WARNER, J.
In Garcia v. Stewart, 906 So.2d 1117 (Fla. 4th DCA 2005), we resolved a claim to monies which were disbursed from the court registry to a condominium association, a non-party, after a foreclosure sale. We directed that those monies be redeposited. Id. at 1123. When the case returned to the trial court, Garcia, the owner of the condominium unit prior to foreclosure and the party entitled to the monies, moved for attorney's fees against the condominium association in connection with the trial court proceedings involving the disbursement of the funds. The trial court denied the fees and directed the condominium association to redeposit the monies that had been disbursed to it. We affirm and direct that after the monies are redeposited, they shall be disbursed to Garcia.
A second mortgage holder sought to foreclose her mortgage on Garcia's condominium unit. The Woodgate Condominium Association was originally joined as a party but asserted that its lien for unpaid assessments was superior to that of the second mortgage. In its final judgment, the court dismissed the Association as a party. When a third-party purchased the unit, the surplus proceeds were deposited in the court. The Association moved for disbursement of the proceeds to it because of its lien. The trial court granted the relief, but we reversed. We held that once the Association was dismissed as a party and it filed no pleading to recover on its lien, the court had no subject matter jurisdiction to disburse the money to the Association, concluding its motion to disburse was insufficient to invoke the jurisdiction of the court to determine its right to the funds. Id. at 1122-23. Therefore, the order disbursing the proceeds to the Association was void for lack of subject matter jurisdiction.
On remand, Garcia moved for attorney's fees against the Association. The trial court determined that, although Garcia was the prevailing party with respect to the trial court proceedings, he had not made a timely request for fees. Therefore the request was denied, although the trial court awarded costs to Garcia. It also required the Association to redeposit the funds which had been disbursed to it together with interest from the date of disbursal. Garcia appeals the denial of his attorney's fees, and the Association cross-appeals *1027 the order requiring it to pay interest on the monies redeposited.
Our prior opinion concluded that the Association ceased to be a party once the final judgment dismissed it, and the trial court had no further subject matter jurisdiction over the lien controversy. Id. Thus, at the time that the motion for disbursement was filed, the Association was a non-party attempting to intervene in the proceedings. If the Association's attempted intervention would entitle Garcia to seek fees, no statute or contract permits the award in this case. Garcia seeks to justify them under the Declaration of Condominium. However, at the time the Association moved to disburse the proceeds, Garcia was no longer a condominium owner and governed by the provisions of the documents, his interest having been foreclosed. Thus, Garcia has no statutory or contractual basis for a request for fees.
The Association contends that it should not be required to pay interest on the monies it withdrew from the court registry, contending that interest is a fine or penalty. We disagree. Florida has rejected the analysis that pre-judgment interest serves as a penalty. See Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212, 214-15 (Fla.1985). Interest is merely compensation for the use of money. See Reilly v. Barrera, 620 So.2d 1116, 1118 n. 3 (Fla. 5th DCA 1993). Here, the Association had the use of the money for the entire period of time of the first appeal and prevented its disbursement to its rightful owner. We find no error in the order requiring the payment of interest on the disbursed funds.
So that this matter can be finally concluded, we affirm the orders of the trial court and direct upon remand that, if it has not already done so, the Association deposit the monies, including the interest owed, as directed by the trial court. The trial court is then authorized to enter an order disbursing those monies to Garcia. There is no need for another evidentiary hearing on the ownership of the monies, as Garcia is the only party in the proceedings claiming entitlement to the proceeds.
Affirmed.
GROSS and TAYLOR, JJ., concur.