980 So.2d 538 (2008)
Amado Evarito GARCIA, Appellant,
v.
M & T MORTGAGE CORPORATION, Appellee.
No. 4D07-653.
District Court of Appeal of Florida, Fourth District.
April 16, 2008.
*539 Brenda Cox of Brenda Cox, P.A., Boca Raton, for appellant.
Ronald E. D'Anna and Jennifer J. Kramer of McClosky, D'Anna & Dieterle, LLP, Boca Raton, for appellee.
SHAHOOD, C.J.
This appeal involves questions of civil procedure in the distribution of surplus money from a public sale of a condominium unit as a result of a foreclosure. Appellant, Amado Evarito Garcia, appeals the following final orders of the trial court: (1) Order Granting Cross-Plaintiff's, Woodgate Condominium Association, Inc. ("Association"), Supplemental Complaint for Final Judgment After Default and Motion for Entry of Final Default Judgment Against Defendant/Cross-Defendant Amado Evarito Garcia; (2) Order Denying Defendant's Amado Garcia's Motion to Set Aside Default; and (3) the Order of Final Judgment. Garcia raises six issues relating to these orders. We affirm but remand for correction of damages awarded.
Garcia had owned a condominium unit subject to two mortgages. One was with M & T Mortgage Corporation ("M & T") and the other (second mortgage) was with Renee Stewart ("Stewart"). Garcia subsequently defaulted on the mortgages and foreclosure actions were filed by both mortgagees.
Meanwhile, the Association recorded a claim of lien against Garcia's unit for assessments, attorney's fees, and costs on February 28, 2002.
M & T filed its foreclosure action on March 6, 2002, naming Garcia and the Association as defendants. The Association filed an answer, affirmative defenses, and a cross-claim against Garcia for foreclosure of the Association's assessment lien *540 (count I) and breach of contract (count II). Stewart filed her foreclosure action in April of 2002 against both Garcia and the Association. The Association was subsequently dismissed from the Stewart action by the trial court.
On June 5, 2002, the Association filed a motion for the entry of default by the clerk of court against Garcia for failure to serve any paper in response to its cross-claim pursuant to rule 1.500(a), Florida Rules of Civil Procedure. That same day, the clerk of court entered a default against Garcia for failure to serve or file any paper in response to the Association's cross-claim.
The trial court granted M & T's motion for summary judgment, awarded M & T $89,708.19, and determined that if the sum was not paid, the property shall be up for public sale on September 17, 2002.
Afterward, the Association filed an Amended Cross-Claim and Third-Party Complaint against Garcia.
A foreclosure sale occurred in the Stewart action and the property was sold to Escala Homes and Mortgages. Money was distributed to Stewart to satisfy her second mortgage and the clerk of the court deposited an excess of $17,794.83 into the court registry.
The Association moved for payment from the surplus of the foreclosure sale. On March 26, 2003, the trial court granted the Association's motion and ordered the distribution of $16,375.57 from the court registry to the Association.
Garcia filed a motion attacking the March 26th order, which was denied by the trial court. Garcia appealed to this court. This court, in Garcia v. Stewart, 906 So.2d 1117, 1122 (Fla. 4th DCA 2005), found that the Association was not entitled to the surplus as the trial court's order was void for lack of subject matter jurisdiction. This court also found that Escala was jointly and severally liable with Garcia for all unpaid assessments that came due up to the time of transfer of title. Id. at 1121.
On remand, Garcia moved for attorney's fees against the Association. The trial court denied the fees and directed the Association to redeposit the monies that had been disbursed to it. Garcia appealed to this court on the denial of his motion for attorney's fees. In Garcia v. Stewart, 961 So.2d 1025 (Fla. 4th DCA 2007), this court affirmed the trial court and again directed that the surplus be redeposited and then disbursed to Garcia.
On February 7, 2006, the Association filed a Supplemental Complaint for Final Judgment After Default and Motion for Entry of Final Default Judgment Against Defendant/Cross-Defendant Amado Evarito Garcia. The Association sought from Garcia past-due maintenance assessments, special assessments, late fees and related charges in the amount of $10,255.80.
Garcia filed a Motion to Dismiss for Lack of Prosecution, Failure to Join Indispensable Parties and Estoppel and Motion for Sanctions, but the trial court denied this motion.
On October 16, 2006, Garcia filed a Motion to Set Aside Default. The trial court issued an order on January 17, 2007, granting the Association's Supplemental Complaint for Final Judgment After Default and Motion for Entry of Final Default Judgment Against Defendant/Cross-Defendant Amado Evarito Garcia. The trial court also issued an order denying Garcia's Motion to Set Aside Default. On February 13, 2007, the trial court issued a Final Judgment awarding the Association the sum of $10,255.80 against Garcia.
Garcia first argues that the trial court improperly entered two separate judgments (January 17th and February *541 13th), thus permitting the Association double recovery. We disagree.
This court explained in Garcia v. Stewart, 906 So.2d 1117, 1122 (Fla. 4th DCA 2005), that while the Association had "secured a default against Garcia on its lien foreclosure claim in the M & T action, it never obtained a final judgment." Id. at 1123. As a result, the Association sought to secure a default against Garcia on its claims in the M & T action. On February 7, 2006, the Association filed a "Supplemental Complaint for Final Judgment After Default and Motion for Entry of Final Default Judgment Against Defendant/Cross-Defendant Amado Evarito Garcia" ("Supplemental Complaint"). The Association stated in the Supplemental Complaint that it was moving "for entry of Final Default Judgment against" Garcia on "the Association's lien foreclosure and breach of contract claims."
Subsequently, the trial court issued an order on January 17, 2007, granting the Association's Supplemental Complaint. Thereafter, on February 13, 2007, the trial court issued a Final Judgment awarding the Association the sum of $10,255.80 against Garcia.
Although titled as a "Supplemental Complaint," its contents support the conclusion that it was meant to be a motion for the entry of final default judgment against Garcia. As illustrated by the transcript of the hearing on the document, the court itself construed it as a motion and issued only an order granting the motion. "An order that merely grants or denies a motion does not resolve the issue conclusively. It has long been established that a trial judge has the right and authority, at any time before entering final judgment, to change prior interlocutory rulings." Mills v. Martinez, 909 So.2d 340, 342 (Fla. 5th DCA 2005). We hold that only one final judgment was entered.
Garcia next argues that the trial court erred when it entered its order based upon a supplemental complaint which was filed without leave of court. After the Association filed its initial cross-claim against Garcia, it filed an Amended Cross-Claim and Third-Party Complaint. Thereafter, the Association filed what it entitled a Supplemental Complaint.
Pursuant to rule 1.190(a), Florida Rules of Civil Procedure, "[a] party may amend a pleading once as a matter of course at any time before a responsive pleading is served. . . ." Rule 1.190(d) provides that any subsequent supplemental pleading requires leave of court. The Association did not ask for leave of court before it filed its Supplemental Complaint.
As already determined, the Association's Supplemental Complaint was a motion, not a new complaint, therefore rule 1.190 does not apply. However, the Supplemental Complaint did seek additional damages, which to be properly raised must be in the form of an amended complaint or supplemental pleading. Rule 1.190(d) provides that a supplemental pleading should be used to set forth "transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Additional substantive damages are new matters subject to the filing of a supplemental pleading. See, e.g., Roberts & Roberts v. Barnett Bank of Tallahassee, N.A., 707 So.2d 386 (Fla. 1st DCA 1998) (a trial court should grant a petitioner's motion for leave to amend its complaint to add third count for damages).
The Association's first cross-claim sought $912.20 plus interest in damages from Garcia. The Association's amended cross-claim sought $8,336.95 plus interest in damages from Garcia. The Association's Supplemental Complaint sought *542 $10,255.80 in damages from Garcia. Between the amended cross-claim and the Supplemental Complaint, the Association is seeking roughly $2,000 in additional relief.
If treated as a supplemental pleading and thus subject to the notice requirement, the Association cannot recover on that issue because no notice was given. George v. Beach Club Villas Condo. Ass'n, 833 So.2d 816, 819-20 (Fla. 3d DCA 2002) (condominium association could not recover for subsequent assessments made after filing a claim of lien without moving to amend the pleadings because it was required to give unit owner notice through pleadings of what was going to be tried); Brown v. Gardens by the Sea S. Condo. Ass'n, 424 So.2d 181, 183 (Fla. 4th DCA 1983) ("[I]t is a fundamental rule that the claims and ultimate facts supporting same must be alleged [in the pleadings]. The reason for the rule is to appraise the other party of the nature of the contentions that he will be called upon to meet, and to enable the court to decide whether same are sufficient.").
Without being properly pled, the trial court improperly awarded the increased damages sought in the Supplemental Complaint ($10,255.80) in the Final Judgment. See State Farm Mut. Auto. Ins. Co. v. Horkheimer, 814 So.2d 1069, 1073 (Fla. 4th DCA 2001) (a defaulting defendant may not be held liable for amounts in excess of those allowed by the pleadings). Consequently, the Final Judgment award must be reversed and remanded to conform to the amount requested in the last properly filed pleading, the amended cross-claim with the amount of $8,336.95 plus interest. See Fla. Power & Light Co. v. Sys. Council U-4 of Int'l Bhd. of Elec. Workers, AFL-CIO, 307 So.2d 189, 192 (Fla. 4th DCA 1975).
Appellant raises four other issues not addressed in this opinion. We hold these additional issues to be without merit and affirm without further discussion.
We accordingly affirm, but remand with instructions for the trial court to amend the final judgment to award the Association the sum pled in the amended cross-claim, $8,336.95 plus interest.
Affirmed; Remanded for Entry of Amended Judgment.
TAYLOR and HAZOURI, JJ., concur.