PER CURIAM.
We have for review an “Order on Former Wife’s Motion to Enforce Reimbursement of Mortgage Payments, Motion for Contempt Regarding Payment of Attorney’s Fees and Costs, and Motion for Attorney’s Fees and Costs.” The order grants the motion for contempt, but denies the motions for reimbursement of mortgage payments and for attorney’s fees. We affirm the portions of the order granting Appellant’s motion for contempt and denying her motion for attorney’s fees and costs. But we reverse the denial of Appellant’s motion for reimbursement of mortgage payments, and we remand to the trial court for further fact finding.
The court denied reimbursement of mortgage payments because “[a]ll allocations regarding reimbursement of the mortgage payments between the parties have been previously decided by this Court.” Our review of the record reveals otherwise. It appears the court relied on two prior orders: the June 4, 2007, “Order on Former Wife’s Emergency Motion” and the June 10, 2008, “Order on All Pending Motions.” In pertinent part, the orders provided that Appellant is not entitled to receive reimbursement from Appellee of one-half the mortgage payments made on the former marital home between 2003, when the parties divorced, and 2008, when Appellant refinanced the home and purchased Appellee’s equity in it. The court subsequently vacated those provisions in an order dated November 17, 2008, and specifically stated, “The Court reserves jurisdiction to ... determine the appropriate credit due to Former Wife from Former Husband for one-half of the mortgage payments on the former marital home made by her.” We therefore remand to the trial court to make the determination based on the evidence the parties presented on this issue.
As to Appellant’s motion for fees and costs, the trial court denied the motion, finding simply that “[a]n award of attorney’s fees and costs for the present litigation is not appropriate.” We find the record on appeal insufficient to enable our review of this ruling. Although the hearing transcript is in the record, it is apparent that the trial court explicated its reasoning in a separate document prior to rendering the. final order. But such document is not in the record. Accordingly, we must affirm the denial of attorney’s fees and costs. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979).
AFFIRMED in part; REVERSED in part; and REMANDED.
WETHERELL, MARSTILLER and SWANSON, JJ., concur.