LaROSE, Judge.
Ghanzanfar Raza appeals the trial court’s order denying him attorney’s fees following the involuntary dismissal, without prejudice, of Deutsche Bank’s mortgage foreclosure lawsuit. We have jurisdiction. See Fla. R.App. P. 9.030(b)(1)(A); 9.110; Valcarcel v. Chase Bank USA NA, 54 So.3d 989, 990 (Fla. 4th DCA 2010) (“An order dismissing an action without prejudice and without granting leave to amend *123 is a final appealable order.”)- After careful consideration, we affirm.
Deutsche Bank sued to foreclose a mortgage and to recover monies due under a related promissory note. In his answer, Mr. Raza asked for attorney’s fees. Some two years later, the trial court involuntarily dismissed the lawsuit because Deutsche Bank failed to comply with the court’s directives. Thereafter, Mr. Raza timely filed a motion for prevailing party attorney’s fees.
There was no court reporter at the motion hearing. Consequently, we have no transcript for review. We do know that Mr. Raza claimed $9750 under a flat fee agreement with his counsel. The agreement is not in the record. Mr. Raza’s counsel did provide an affidavit explaining the fee agreement and describing the general nature of the services he provided. The affidavit reflected that counsel did not keep track of hours worked on the case. Mr. Raza submitted the affidavit of another attorney purporting to attest to the reasonableness of the flat fee. This affidavit mentioned a reasonable hourly rate of $250, but failed to state a reasonable number of hours for the case. It does not appear that Deutsche Bank presented counter-affidavits. The trial court denied Mr. Raza’s motion without explanation.
Ordinarily, we review the denial of attorney’s fees for an abuse of discretion. Gahn v. Holiday Prop. Bond, Ltd., 826 So.2d 428, 426 (Fla. 2d DCA 2002). Mr. Raza sought fees under section 57.105(7), Florida Statutes (2005), Florida Rules of Civil Procedure 1.420(d) and 1.525, and provisions in the mortgage and note. Where entitlement rests on the interpretation of a statute or contract, our review is de novo. Country Place Cmty. Ass’n v. J.P. Morgan Mortg. Acquisition Corp., 51 So.3d 1176, 1179 (Fla. 2d DCA 2010) (holding that review of the trial court’s denial of attorney’s fees for a lienholder in a foreclosure action, when entitlement was based on section 57.105, required de novo standard); Valcarcel, 54 So.3d at 990 (holding that review of mortgagors’ prevailing party attorney’s fees based on section 57.105(7), and rules 1.420(d) and 1.525 called for the de novo standard).
A prevailing party “is one who prevails on the ‘significant issues tried before the court.’ ” T & W Developers, Inc. v. Salmonsen, 31 So.3d 298, 302 (Fla. 5th DCA 2010) (quoting Moritz v. Hoyt Enters., Inc., 604 So.2d 807, 810 (Fla.1992)). Rule 1.420(d) states in relevant part that, “[c]osts in any action dismissed under this rule shall be assessed and judgment for costs entered in that action, once the action is concluded as to the party seeking taxation of costs.” In cases involving a voluntary dismissal, Florida courts have “consistently interpreted the rule as authorizing a trial court to award attorney’s fees as costs to a defendant as the prevailing party when such an award is provided for either by statute or a contract between the parties.” Stout Jewelers, Inc. v. Corson, 639 So.2d 82, 84 (Fla. 2d DCA 1994). The same result attends involuntary dismissals.
In Stout Jewelers, a landlord sued a tenant for rent. The tenant filed a counterclaim. The trial court eventually dismissed the case because of the landlord’s failure to prosecute; it denied the tenant’s motion for prevailing party attorney’s fees without explanation. We determined that the tenant was the prevailing party “even though it did not succeed on its counterclaim” because the action was involuntarily dismissed against the landlord. Id. at 84 (holding that because rule 1.420(d) “contemplates both voluntary and involuntary dismissals,” courts should not treat the dismissals differently in terms of assessing costs). Since Stout Jewelers, courts have permitted prevailing party attorney’s fees *124 in a variety of dismissal contexts. See, e.g., Baratta v. Valley Oak Homeowners’ Ass’n at the Vineyards, Inc., 891 So.2d 1063, 1064-65 (Fla. 2d DCA 2004) (holding that the homeowners’ association was entitled to fees following an involuntary dismissal for failure to prosecute); Bank of N.Y. v. Williams, 979 So.2d 347, 347-48 (Fla. 1st DCA 2008) (holding that a mortgagor was the prevailing party after the court involuntarily dismissed the bank’s foreclosure action for lack of standing).
This discussion demonstrates that Mr. Raza is the prevailing party. See Baratta, 891 So.2d at 1064-65 (holding that the homeowners’ association was entitled to fees following an involuntary dismissal for failure to prosecute); Bank of N.Y., 979 So.2d at 348 (“The refiling of the same suit after the voluntary dismissal does not alter the appellees’ right to recover prevailing party attorney’s fees incurred in defense of the first suit.”). Accordingly, he was entitled to claim fees as long as Deutsche Bank had proper notice and a statute or contract provided for such relief. See id.
Mr. Raza relied on a Florida statute and contract terms between himself and Deutsche Bank to show entitlement. Section 57.105(7) provides as follows:
If a contract contains a provision allowing attorney’s fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney’s fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract.
Courts have used this statute to award fees to the mortgagor in a dismissed foreclosure action where the mortgage or promissory note contained an attorney’s fees provision in favor of the lender. See Nudel v. Flagstar Bank, FSB, 60 So.3d 1163 (Fla. 4th DCA 2011); Valcarcel, 54 So.3d 989.
In Nudel, for example, the trial court dismissed a foreclosure action without prejudice for lack of standing by the bank. 60 So.3d at 1164. The court also denied Nudel’s motion for fees. Id. The appellate court reversed, noting that, “[t]he mortgage ... entitled Flagstar to reasonable attorney’s fees for enforcement. By operation of subsection 57.105(7), the contractual provision also allows attorney’s fees to Nudel if she is the prevailing party.” Nudel, 60 So.3d at 1164.
Similarly, in Valcarcel, the bank filed a foreclosure action which the trial court later dismissed without prejudice. 54 So.3d at 990-91. The trial court also denied the Valcarcels’ motion for attorney’s fees. The appellate court reversed, concluding that not only were the Valcarcels the prevailing party in an involuntarily dismissed foreclosure action, but also that the provisions in both the promissory note and mortgage that allowed the bank to collect attorney’s fees entitled the Valcar-els to fees under section 57.105(7). Valcarcel, 54 So.3d at 990-91.
Here, Mr. Raza sought fees in his answer and filed his motion for attorney’s fees within thirty days of the dismissal as required by rule 1.525. There can be no question that Deutsche Bank knew of his claim. See Tri-County Dev. Group, Inc. v. C.P.T. of S. Fla., Inc., 740 So.2d 573, 574-75 (Fla. 4th DCA 1999) (holding that the defendant’s request for attorney’s fees in the answer, combined with a lease between the parties, gave the plaintiff proper notice, even though the defendant did not plead a specific statutory provision). Additionally, as in Nudel and Valcarcel, the mortgage and note provide for Deutsche Bank to recover reasonable fees in actions arising under the documents. Paragraph No. 22 of the mortgage states:
*125 Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including but not limited to, reasonable attorneys’ fees and costs of title evidence.
Paragraph No. 24 of the mortgage states:
As used in this Security Instrument and the Note, attorneys’ fees shall include those awarded by an appellate court and any attorneys’ fees incurred in a bankruptcy proceeding.
The note contains a similar provision:
If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys’ fees.
Clearly, under section 57.105(7), these provisions permit Mr. Raza to claim fees as the prevailing party. However, he must still prove a reasonable fee.
Deutsche Bank argues that Mr. Raza failed to prove a reasonable fee under Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985). Principally, it argues that the record contains no information regarding the number of hours spent by Mr. Raza’s counsel and the amount of work performed. Mr. Raza responds that the flat fee satisfies any evi-dentiary burden. We cannot agree.
In Florida Patient’s Compensation Fund, our supreme court articulated specific guidelines for computing a reasonable fee. Id. at 1150-51. Even though his counsel did not keep time records, Mr. Raza contends that evidence of the flat fee is sufficient because the supreme court seemingly approved flat fees in a model order for foreclosure judgments in Florida Rules of Civil Procedure Form 1.996(a). Although a flat fee may serve as a valid alternative billing mode, we discern nothing from the supreme court’s approval of the form suggesting that Mr. Raza can ignore Florida Patient’s Compensation Fund. The form addresses how a party may initially claim the fees. And, it is not unreasonable to assume that a flat fee subsumes an hourly rate. But the form cannot absolve Mr. Raza of his burden to demonstrate a reasonable fee. A flat fee does not necessarily equal a reasonable fee.
“Florida courts have emphasized the importance of keeping accurate and current records of work done and time spent on a case, particularly when someone other than the client may pay the fee.” Florida Patient’s Compensation Fund, 472 So.2d at 1150. By pleading for fees, Mr. Raza unquestionably sought to shift his fee obligation to Deutsche Bank. Thus, his counsel was required to submit billing records or other adequate proof so that the court could assess the reasonableness of the flat fee. Without such a showing, an attorney could theoretically claim an entire flat fee after performing little or no work because the trial court dismissed the case.
We do not hold that the absence of time records is fatal to an effort to recover fees under a flat fee arrangement. Recently, the First District addressed this issue in Grapski v. City of Alachua, — So.3d — (Fla. 1st DCA 2012). In that case, an attorney failed to keep accurate records of his hours, but presented an expert witness “who thoroughly reviewed [the] record and explicitly detailed the amount of hours which reasonably should have been incurred.” Id. The appellate court determined that although the party claiming fees failed to establish directly the hours spent and work performed, the expert testimony constituted competent, substantial evidence to uphold the fee award. Id.; see also Smith v. Sch. Bd. of *126 Palm Beach Cnty., 981 So.2d 6, 9 (Fla. 4th DCA 2007) (“Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence”). Thus, although a flat fee itself is not sufficient to satisfy Florida Patient’s Compensation Fund, the fee combined with expert testimony may be sufficient, if it accounts for all matters addressed in Florida Patient’s Compensation Fund.
The expert’s affidavit in support of the $9750 fee request was facially inadequate. The expert reviewed the file and electronic records maintained by counsel. The affidavit listed the factors he considered in determining the reasonableness of the fee. Unfortunately, the affidavit does not reflect that the expert considered all of the Florida Patient’s Compensation Fund factors. Further, the expert’s ultimate conclusion was that “a reasonable fee for the services rendered by the firm is between $250.00 and $350.00 under a flat-rate fee arrangement. A reasonable hourly rate for this work is $250.00.” This statement is senseless; the flat fee amount is identical to the hourly rate. Even if we assume that the expert was attempting to establish a reasonable hourly rate, the affidavit remains faulty. It says nothing about the reasonable number of hours that were or should have been spent on the case. With a number of hours and an hourly rate, a quick calculation would tell us whether the $9750 flat fee was too high, too low, or just right. The expert leaves us uninformed.
The failure to provide any evidence on reasonable hours distinguishes this case from Grapski, where the expert “thoroughly reviewed [the] record and explicitly detailed the amount of hours which reasonably should have been incurred.” — So.3d —. The support for Mr. Raza’s fee claim was deficient and he cannot return to the trial court to cure any defects. See Warner v. Warner, 692 So.2d 266, 268 (Fla. 5th DCA 1997) (holding that if the party seeking attorney’s fees fails to provide sufficient evidence to establish reasonable fees in the original hearing, then remand is not appropriate and the party is denied a second chance to produce evidence).
Even if Mr. Raza did present sufficient evidence, the amount of fees remains in the trial court’s discretion. See DiStefano Constr., Inc. v. Fid. & Deposit Co. of Md., 597 So.2d 248, 250 (Fla.1992) (“[T]he award of attorney’s fees is a matter committed to sound judicial discretion which will not be disturbed on appeal, absent a showing of clear abuse of discretion.”). To determine an abuse of discretion, the court must ask “[i]f reasonable men could differ as to the propriety of the action taken by the trial court.” Grapski, — So.3d — (quoting Jones & Granger v. Johnson, 788 So.2d 381, 384-85 (Fla. 1st DCA 2001)). Thus, a court must look to the record to determine if “there is competent substantial evidence which supports the trial court’s order under the totality of the circumstances.” Id.
As we observed earlier, we have no transcript of the fee hearing. Additionally, the trial court denied Mr. Raza’s motion without explanation. “The appellant has the burden of providing a proper record to the reviewing court, and the failure to do so is usually fatal to the appellant’s claims. Without such a record, it will ordinarily be impossible for the appellant to establish that an asserted error is harmful.” Esaw v. Esaw, 965 So.2d 1261, 1264-65 (Fla. 2d DCA 2007) (internal citations omitted). However, we have recognized that attorney’s fees motions are somewhat unique and the absence of a transcript is not fatal to the action as long as “the error is apparent from the face of *127 said judgment.” Bayer v. Global Renaissance Arts, Inc., 869 So.2d 1232, 1232 (Fla. 2d DCA 2004).
Several courts have, absent a transcript, found attorney’s fees orders erroneous on their face; however in these cases the order awarded fees and failed to make the specific findings required by Florida Patient’s Compensation Fund. See Bayer, 869 So.2d at 1282; Kaiser v. Harrison, 985 So.2d 1226, 1229 (Fla. 5th DCA 2008) (“[W]e reverse the fee award because the trial court failed to make specific findings as to the number of hours reasonably expended and an hourly rate.”). The order before us denied fees; the trial court did not have to make any specific findings in its order. The absence of findings in this context does not render the order facially erroneous. See Bank One, Corp. v. Bornschein, 987 So.2d 172, 172 (Fla. 4th DCA 2008) (holding in an appeal on the denial of attorney’s fees the absence of specific findings on the order did not make the order erroneous on its face because no findings are required when a court denies fees).
Mr. Raza argues that no reasonable trial judge, when considering all of the evidence presented, could have denied fees entirely. Of course, this ignores the deficiencies in his proof. Nevertheless, we recognize that the failure to establish the Florida Patient’s Compensation Fund factors can result in a reduction of the award. See Grapski, — So.3d —(affirming an award of only minimal fees because “the proof submitted by appellants was completely lacking in ... specificity”). But we can find no case holding that a reduction cannot be a complete denial of the award; courts have upheld a denial of attorney’s fees absent a transcript on appeal. See Bank One, Corp., 987 So.2d at 172; Bethune v. Santa Rosa Hosp., 510 So.2d 1039, 1040 (Fla. 1st DCA 1987); see also Mollinea v. Mollinea, 77 So.3d 253, 254 (Fla. 1st DCA 2012) (holding in a dissolution of marriage action that “the record on appeal [was] insufficient to enable ... review. ... Although the hearing transcript is in the record, it is apparent that the trial court explicated its reasoning in a separate document prior to rendering the final order. But such a document is not in the record. Accordingly, we must affirm the denial of attorney’s fees and costs.”).
Because we have no transcript of the fee hearing, the order on review is not facially erroneous, and Mr. Raza’s proof failed to demonstrate a reasonable fee, we are compelled to affirm the trial court’s order.
Affirmed.
BLACK, J., Concurs.
WHATLEY, J., Dissents with opinion.