SILBERMAN, Chief Judge.
Narciso Vivot appeals an order denying his motion for attorney’s fees in this foreclosure action that was filed by Bank of America’s predecessor in interest and was dismissed for failure to prosecute. Because Vivot was the prevailing party in the action, we reverse the order and remand for further proceedings.
On November 28, 2005, Vivot executed a promissory note and mortgage in favor of Mackinac Savings Bank. The note and mortgage were subsequently transferred to Countrywide Bank, and Bank of America is the successor by merger to Countrywide Bank. On April 15, 2009, Countrywide filed a complaint to foreclose the mortgage and to enforce the note based on Vivot’s alleged default. Later, the trial court entered an order amending the plaintiffs name to Bank of America.
Vivot filed an answer and affirmative defenses in which he requested an award of attorney’s fees. On October 22, 2009, Bank of America filed a motion for summary judgment of foreclosure. On June 2, 2011, Vivot filed a notice of lack of record activity and on August 10, 2011, filed a motion to dismiss for lack of prosecution. On December 12, 2011, the trial court rendered a final order dismissing the case for lack of prosecution. Vivot filed a timely motion for attorney’s fees. He alleged that he was entitled to fees as the prevailing party based on the provisions of the note and mortgage and section 57.105(7), Florida Statutes (2005). After a hearing the trial court denied the motion, stating that there was no prevailing party in the case.
In this appeal, Vivot again claims attorney’s fees under the terms of the note and mortgage and section 57.105(7). When entitlement to attorney’s fees rests on the interpretation of a statute or contract, appellate review is de novo. Raza v. Deutsche Bank Nat’l Trust Co., 100 So.3d 121, 123 (Fla. 2d DCA 2012). The mortgage provides in paragraph 22 that “Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys’ fees and costs of title evidence.” The note provides in paragraph 7(E) that the note holder has the right to be reimbursed for reasonable attorney’s fees in enforcing the note. Under section 57.105(7), if a contract provides for “attorney’s fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney’s fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract.” Based on *430 the above provisions in the note and mortgage, section 57.105(7) allows Vivot an award of attorney’s fees if he is the prevailing party in this action. See Raza, 100 So.3d at 124-25.
In Raza, the trial court involuntarily dismissed a mortgage foreclosure suit based on the bank’s failure to comply with the court’s directives. Id. at 128. This court determined that Raza “was entitled to claim fees as long as Deutsche Bank had proper notice and a statute or contract provided for such relief.” Id. at 124. This court recognized Raza as the prevailing party as the result of the involuntary dismissal. Id. In its analysis, this court discussed Stout Jewelers, Inc. v. Corson, 639 So.2d 82 (Fla. 2d DCA 1994). See Razo, 100 So.3d at 123.
In Stout Jewelers, the trial court dismissed the landlord’s action against a tenant for failure to prosecute but denied the tenant’s motion for prevailing party attorney’s fees. 639 So.2d at 83. This court noted that the dismissal was of the entire action, including the tenant’s counterclaim. We concluded that, under those circumstances, the tenant was the prevailing party for the purposes of an attorney’s fee award because the defendant successfully obtained an involuntarily dismissal of the case. Id. at 84; see also J.P. Morgan Mortg. Acquisition Corp. v. Golden, 98 So.3d 220, 223 (Fla. 2d DCA 2012) (determining that the defendant was the prevailing party when the foreclosure action was dismissed for failure to give proper notice of intent to foreclose and that the defendant was entitled to a fee award based on the provisions of the note and mortgage even though the suit could be refiled); Norland v. Vills. at Country Creek Master Ass’n, 851 So.2d 770, 771 (Fla. 2d DCA 2003) (“The appellees became the prevailing party when Norland’s claim was dismissed for failure to prosecute.”).
Here, Vivot became the prevailing party when the foreclosure suit was dismissed for failure to prosecute. He gave notice of his claim for fees in his answer and timely filed his motion for attorney’s fees. Pursuant to section 57.105(7), the provisions of the note and mortgage permit Vivot to claim attorney’s fees as the prevailing party. See Raza, 100 So.3d at 125.
Therefore, we reverse the order denying Vivot’s motion for attorney’s fees and remand for further proceedings.
NORTHCUTT and LaROSE, JJ., Concur.