# Third District Court of Appeal

**State of Florida**

Opinion filed January 17, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1482
Lower Tribunal No. 14-15813
_____

**William Romaguera and Ivette Romaguera,**
Appellants,

vs.

**Trust Mortgage, LLC,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Gisela Cardonne Ely, Judge.

Henry E. Marines, for appellants.

Matthew Estevez, P.A., and Matthew Estevez, for appellee.

Before SUAREZ, SALTER, and LOGUE, JJ.

LOGUE, J.

William and Ivette Romaguera appeal the trial court's denial of their motion for attorney's fees. In the mortgage foreclosure action below, the Romagueras

moved for involuntary dismissal of Trust Mortgage, LLC's action under Florida Rule of Civil Procedure 1.420(b) because Trust Mortgage failed to serve the requisite witness and exhibit lists before trial. The trial court granted the motion and dismissed the action without prejudice. The Romagueras then sought attorney's fees, alleging they were entitled to fees as the prevailing party based on provisions of the note and mortgage and section 57.105(7), Florida Statutes (2015). The trial court denied the Romagueras' motion for fees, and this appeal followed. Because the trial court erred as a matter of law in denying the Romagueras' entitlement to attorney's fees, we reverse and remand for further proceedings.

A trial court's denial of attorney's fees is ordinarily reviewed for an abuse of discretion. Raza v. Deutsche Bank National Trust Co., 100 So. 3d 121, 123 (Fla. 2d DCA 2012). However, "[w]here entitlement rests on the interpretation of a statute or contract, our review is de novo." Id. Here, the Romagueras' motion for attorney's fees was based on the provisions of the mortgage and note at issue and section 57.105(7). Section 57.105(7) provides the following:

> If a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract.

Florida courts have consistently held that a mortgagor is entitled to attorney's fees as the "prevailing party" under section 57.105(7) when a mortgage

2

foreclosure case has been dismissed. See, e.g., Vivot v. Bank of America, NA, 115 So. 3d 428 (Fla. 2d DCA 2013) (concluding that the mortgagor was entitled to prevailing party attorney's fees under section 57.105(7) when the foreclosure suit was dismissed for failure to prosecute); Raza, 100 So. 3d at 121 (concluding that the mortgagor was entitled to prevailing party attorney's fees under section 57.105(7) following the involuntary dismissal without prejudice of the Bank's mortgage foreclosure lawsuit); Nudel v. Flagstar Bank, FSB, 60 So. 3d 1163 (Fla. 4th DCA 2011) (concluding that the mortgagor "is the prevailing party within the meaning of subsection 57.105(7)" after the trial court dismissed the mortgage foreclosure action without prejudice); Valcarcel v. Chase Bank USA NA, 54 So. 3d 989 (Fla. 4th DCA 2010) (concluding that the mortgagors were entitled to prevailing party attorney's fees under section 57.105(7) after the trial court dismissed without prejudice a foreclosure action based on misconduct by the Bank's counsel).

Under this line of cases, the Romagueras successfully had Trust Mortgage's foreclosure case against them dismissed, albeit without prejudice, and therefore they were the prevailing party below within the meaning of section 57.105(7). Trust Mortgage argues that the trial court correctly relied on this court's decision in Boxer Max Corp. v. Cane A. Sucre, Inc., 905 So. 3d 916 (Fla. 3d DCA 2005) in denying the Romagueras' motion for fees. But Boxer did not involve the

3

determination of a prevailing party within the meaning of section 57.105(7). In Boxer, this court concluded that the trial court acted within its discretion in denying prevailing party attorney's fees under the terms of a lease because "the parties actually entered into a settlement agreement at trial." Id. at 918. Here, we conclude as a matter of law that the Romagueras were the prevailing party below within the meaning of section 57.105(7). Accordingly, we reverse the trial court's order denying the motion for attorney's fees and remand to the trial court to determine the amount.