DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**VICTOR TISON,**
Appellant,

v.

**CLAIRMONT CONDOMINIUM F ASSOCIATION, INC.,** and
**ROBERT ORLOFF,**
Appellees.

No. 4D19-117

[ November 6, 2019 ]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Martin J. Bidwill, Judge; L.T. Case No. CACE-15-022512.

Lourdes E. Ferrer of the Ferrer Law Group, PLLC, Weston, and Michael T. Ross of the Law Office of Michael T. Ross, P.A., Hollywood, for appellant.

Ashley R. Tulloch of Kaye Bender Rembaum, P.L., Pompano Beach, for Appellee Clairmont Condominium F Association, Inc.

TAYLOR, J.

Victor Tison appeals a final order denying his motion for attorney's fees and costs. We hold that Tison, as the prevailing party in a lawsuit brought against him by a condominium association for unpaid assessments, is entitled to recover prevailing party attorney's fees even though he sold his interest in the condominium unit during the pendency of the litigation. We therefore reverse.

In December 2015, Clairmont Condominium F Association (the "Association") filed a two-count complaint against Tison and another defendant, seeking to foreclose on an assessment lien against the defendants' condominium unit (Count I) and to recover damages for unpaid assessments (Count II). Both counts were brought pursuant to section 718.116, Florida Statutes, and the Declaration. At the time of the complaint, the defendants were the title owners of the unit.

Shortly after filing the complaint, the Association recorded a notice of

lis pendens.

The defendants filed an Answer and Affirmative Defenses, which they later amended. In both Answers, the defendants alleged that they were entitled to recover attorney's fees and costs.

In March 2017, the trial court denied the Association's motion for summary judgment. Later that month, the defendants sold their respective interests in the condominium unit to a third party.

Over a year later, the trial court entered a final order dismissing the action for lack of prosecution. Tison then moved for attorney's fees and costs, alleging in relevant part that he was the prevailing party and that he was entitled to an award of fees pursuant to the Declaration and section 718.303(1), Florida Statutes.

The Association opposed Tison's fee motion on various grounds. In relevant part, the Association argued that Tison was not entitled to attorney's fees under either section 718.303(1) or the Declaration because he was no longer a unit owner. The trial court denied Tison's fee motion, ruling that although Tison was the prevailing party, Tison was not a unit owner and was not entitled to attorney's fees.

On appeal, Tison argues that he is entitled to recover prevailing party attorney's fees pursuant to the Declaration and section 718.303(1), Florida Statutes, even though he sold his interest in the condominium unit during the pendency of the litigation. We agree.

"The issue of entitlement to attorney's fees based on the interpretation of a statute or contract is a pure matter of law involving de novo review." *Land & Sea Petroleum, Inc. v. Bus. Specialists, Inc.*, 53 So. 3d 348, 355 (Fla. 4th DCA 2011).

Section 19.3 of the Declaration addresses entitlement to attorney's fees in proceedings arising because of an alleged failure of a unit owner or the Association to comply with the requirements of the Condominium Act or the Declaration:

> In any proceeding arising because of an alleged failure of a Unit Owner of the Association to comply with the requirements of the Act, this Declaration, the exhibits annexed hereto, or the rules and regulations adopted pursuant to said documents, as the same may be amended from time to time, the prevailing party shall be entitled to

2

recover the costs of the proceeding and such reasonable attorneys' fees (including appellate attorneys' fees) as may be awarded by the court.

Section 2.34 of the Declaration, in turn, defines a "Unit Owner" as the "owner of a condominium parcel."

Section 718.303(1), Florida Statutes, likewise addresses attorney's fees in actions for damages against an association or a unit owner for failure to comply with the provisions of Chapter 718 or the Declaration:

(1) Each unit owner, each tenant and other invitee, and each association is governed by, and must comply with the provisions of, this chapter, the declaration, the documents creating the association, and the association bylaws which shall be deemed expressly incorporated into any lease of a unit. Actions for damages or for injunctive relief, or both, for failure to comply with these provisions may be brought by the association or by a unit owner against:

(a) The association.

(b) A unit owner.

. . .

The prevailing party in any such action . . . is entitled to recover reasonable attorney's fees. A unit owner prevailing in an action between the association and the unit owner under this section, in addition to recovering his or her reasonable attorney's fees, may recover additional amounts as determined by the court to be necessary to reimburse the unit owner for his or her share of assessments levied by the association to fund its expenses of the litigation. . . .

§ 718.303(1), Fla. Stat. (2015). Finally, section 718.103(28), Florida Statutes (2015), defines a "unit owner" as "a record owner of legal title to a condominium parcel."

As a preliminary matter, Tison was the prevailing party in the litigation because this case was dismissed for lack of prosecution, and the Association received none of the relief it sought in the complaint. *See, e.g.*, *Vivot v. Bank of Am., NA*, 115 So. 3d 428, 429 (Fla. 2d DCA 2013) (holding

3

that the defendant became the prevailing party when the foreclosure suit was dismissed for lack of prosecution).

The question presented in this case is whether Tison, as the prevailing party in the Association's lawsuit against him for unpaid assessments, is entitled to attorney's fees and costs even though he was no longer a unit owner at the time he filed his fee motion.

"It is settled law that legal rights accrue and are fixed, not when an action is brought to enforce them, but rather when 'the last element necessary to constitute the cause of action occurs.'" *Serna v. Arde Apparel, Inc.*, 657 So. 2d 966, 966 (Fla. 3d DCA 1995) (citation omitted). Accordingly, "the right to recover attorney's fees ancillary to another particular underlying cause of action always accrues at the time the other, underlying, cause of action accrues." *L. Ross, Inc. v. R.W. Roberts Constr. Co.*, 466 So. 2d 1096, 1098 (Fla. 5th DCA 1985), *approved*, 481 So. 2d 484 (Fla. 1986). Stated another way, the "substantive rights and obligations as to attorney's fees in particular types of litigation vest and accrue as of the time the underlying cause of action accrues." *Id.*

In this case, the trial court erred in denying Tison's motion for attorney's fees. The relevant question is not whether Tison was a unit owner at the time he filed the fee motion. Rather, the relevant question is whether Tison was a unit owner when the cause of action for unpaid assessments accrued. Here, Tison was a unit owner within the meaning of both the Declaration and section 718.303(1) at the time the Association's alleged cause of action accrued.

Under the plain language of the Declaration, Tison's entitlement to attorney's fees did not turn on whether he was a unit owner at the specific time he filed his fee motion. Even though Tison was no longer a unit owner at the time of the fee motion, the litigation below was undeniably a "proceeding arising because of an alleged failure of a Unit Owner of the Association to comply with the requirements of [the Condominium Act or the Declaration]," thereby entitling the prevailing party in the proceeding to attorney's fees under the plain language of section 19.3 of the Declaration.

Likewise, the plain language of section 718.303(1) authorized an award of fees under these circumstances. "In enacting section 718.303(1), the Legislature clearly intended the prevailing party in disputes between unit owners and condominium associations to be awarded attorney's fees." *Ocean Bank v. Caribbean Towers Condo. Ass'n*, 121 So. 3d 1087, 1090 (Fla. 3d DCA 2013). Here, Tison's sale of his interest in the unit during

the litigation did not preclude a determination that he was "the prevailing party" in an action brought by an association against a unit owner "for damages or for injunctive relief . . . for failure to comply with" the provisions of "[Chapter 718], the declaration, the documents creating the association, and the association bylaws," thereby entitling him to an award of "reasonable attorney's fees" under the plain language of section 718.303(1), Florida Statutes.

The Association's reliance upon *Garcia v. Stewart*, 961 So. 2d 1025 (Fla. 4th DCA 2007), is misplaced. There, we held that a former condominium unit owner, whose interest in the unit had been foreclosed upon, did not have any statutory or contractual basis to obtain fees from the association in proceedings involving the proper disbursement of funds after the foreclosure sale. *Id.* at 1027. Thus, in *Garcia,* unlike in this case, the former unit owner's claim to the disputed funds accrued *after* the foreclosure sale had already terminated his legal relationship with the association.

In short, because Tison was a unit owner at the time the Association's alleged cause of action accrued, he had a vested right to attorney's fees under the Declaration and under section 718.303(1) upon prevailing in the litigation. Tison's substantive legal rights, including his status as a unit owner for purposes of the statutory and contractual fee provisions at issue here, were fixed when the cause of action accrued.

Finally, we conclude that none of the Association's alternative arguments for affirmance have merit.

Based on the foregoing, we reverse the order on appeal and remand with instructions for the trial court to award Tison a reasonable amount for attorney's fees and costs.

*Reversed and Remanded.*

MAY and FORST, JJ., concur.

*        *        *

***Not final until disposition of timely filed motion for rehearing.***