CIKLIN, J.
 

 The appellants, the plaintiffs below, appeal from an order awarding attorney’s fees against them in favor of the appellee following the trial court’s dismissal of their action for failure to arbitrate their claims. We affirm because the appellee was the prevailing party under the count alleging securities fraud.
 

 L. Scott Frazier and others (“buyers”) alleged in a third amended complaint that they bought thirteen vacation bungalows at a project known as Hermosa Paradise in Costa Rica. Appellee, Andre Dreyfuss (one of the original defendants below) was the president of Hermosa Paradise, the entity responsible for the development, promotion, marketing and advertising of the project (“seller”). The buyers believed they were purchasing a viable in
 
 *1184
 
 terest in Hermosa Paradise but later discovered that the subject property was public land allegedly owned by the Costa Rican government which, they assert, had little or no value. The buyers sued various individuals including the seller alleging, among various causes of action, civil theft, conspiracy, misrepresentation, and most pertinent, securities fraud. The seller responded by filing a motion to dismiss and to compel arbitration, arguing that the contract entered into between the parties contained a provision which mandated arbitration of disputes before the Costa Rican-American Chamber of Commerce in Costa Rica. The trial court entered an order which compelled arbitration and abated the action. Because the buyers took no apparent action to arbitrate their claims following the court’s abatement order, the seller sought and obtained additional orders requiring the buyers to pursue arbitration. During a hearing regarding one of those orders, the buyers announced that they had elected not to pursue their claims in arbitration because of the expense associated with the retention of counsel in Costa Rica. Thereafter, the seller filed a motion to dismiss the third amended complaint. The buyers took no action to oppose the motion to dismiss and the trial court dismissed the pending lawsuit for failure to comply with court orders requiring arbitration. The buyers did not appeal the order of dismissal. Subsequently, the seller filed a motion seeking prevailing party attorney’s fees pursuant to Chapter 517, Florida Statutes. The trial court awarded fees pursuant to section 517.21K6).
 
 [1]
 

 The trial court also awarded appellate attorney’s fees to the seller. Because the seller concedes error on this point, we write nothing further other than to remand the matter to the trial court so it may enter a further order consistent with this opinion.
 

 After the award of trial level attorney’s fees, the buyers filed a motion to vacate pursuant to rule 1.540, Fla. R. Civ. P., which the trial court denied.
 
 [2]
 

 On appeal, the buyers assert that the seller was not the prevailing party for purposes of a fee award. They assert that they merely made a financial decision not to pursue arbitration in Costa Rica and, in essence, abandoned their claims before either party was determined to have prevailed. The seller asserts that he was entitled to fees because he prevailed when he obtained the dismissal.
 

 We affirm the trial court’s award of attorney’s fees based on
 
 Alhambra Homeowners Ass’n v. Asad,
 
 943 So.2d 316 (Fla. 4th DCA 2006). There the Asads painted their house without permission from their homeowners’ association (“HOA”). The HOA filed a complaint for injunction and
 
 *1185
 
 damages including the payment of a fine. The Asads moved for summary judgment on grounds that the HOA had not given a statutorily mandated notice to the Florida Department of Business Regulation before filing suit. Recognizing that the Asads were correct as to the notice condition precedent, the HOA filed a voluntary dismissal without prejudice. Ultimately, the HOA gave the required notice, refiled its suit and the parties mediated their dispute with the Asads repainting their house and paying the HOA-imposed fines. Nonetheless, the Asads moved for an award of attorney’s fees as to the original voluntary dismissal filed by the HOA, arguing they were the prevailing party. The trial court agreed and awarded the Asads prevailing party attorney’s fees which the HOA appealed. This court held that even though the HOA later refiled the same suit, the Asads were the prevailing party in the initial HOA-dismissed suit and thus entitled to fees.
 

 Applying
 
 Alhambra,
 
 we agree that regardless of whether or not the buyers ever instituted arbitration proceedings in Costa Rica or otherwise decided not to pursue their claims, the seller prevailed in the action when the case was dismissed. Although the buyers assert that such an award is “unjust” based upon the allegations of the third amended complaint,
 
 [3]
 
 those allegations have never been subjected to any requirements of proof.
 

 We have considered the other arguments raised by the buyers on appeal and find them to be without merit.
 

 Affirmed in part; reversed in part.
 

 GROSS, C.J. and WARNER, J., concur.
 

 [1]
 

 . Section 517.211(6), Florida Statutes (2007) provides:
 

 In any action brought under this section, including an appeal, the court shall award reasonable attorney's fees to the prevailing party unless the court finds that the award of such fees would be unjust.
 

 [2]
 

 . Rule 1.540(b), Fla. R. Civ. P., provides in pertinent part:
 

 (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, decree, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) that the judgment or decree is void; or (5) that the judgment or decree has been satisfied, released, or discharged ...
 

 [3]
 

 . Section 517.211(6), Fla. Stat. (2007) provides that the prevailing party is entitled to an award of attorney's fees unless such an award would be "unjust.”