[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 8, 2010
JOHN LEY
CLERK

No. 10-10359
Non-Argument Calendar

_____

D. C. Docket No. 1:07-cv-21093-JLK

JOHN JAFFE,
BARBARA JAFFE,

Plaintiffs-Appellants,

versus

BANK OF AMERICA CORPORATION, N.A.,
AGRICULTURAL BANK OF CHINA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 8, 2010)

Before BLACK, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

John and Barbara Jaffe appeal the district court's order granting Bank of America, N.A.'s (BOA) motion for attorneys' fees, costs, and expenses. On appeal, the Jaffes contend the district court's order was erroneous because: (1) the Jaffes did not assent to the attorneys' fees and costs provision of the Application and Agreement governing the Letter of Credit, and (2) the Jaffes were not liable for attorneys' fees and costs under Fla. Stat. § 675.111.[1] After review, we affirm the district court's thorough and well-reasoned order.[2]

## I.

In 2004, the Jaffes executed Bank of America's Application and Agreement for Standby Letter of Credit (Application and Agreement). On page two, the Application and Agreement included a provision stating the Jaffes would:

> [I]ndemnify and hold Bank of America harmless from and against . . .
>
> all costs and expenses (including reasonable attorneys' fees . . . and

---

[1] The Jaffes do not raise any substantive argument regarding the district court's conclusion that Agricultural Bank of China (ABC) is entitled to the proceeds of the posted injunction bond of $150,000. This issue is deemed waived. *See United States v. Flores*, 572 F.3d 1254, 1265 n.3 (11th Cir. 2009). The Jaffes also do not contest the reasonableness of the attorneys' fees, costs, and expenses awarded to BOA. They did not contest reasonableness of BOA's fees and costs in the district court, either, despite numerous opportunities to do so. This issue is also deemed waived. *See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1303–04 (11th Cir. 2009).

[2] We review a district court's order of attorneys' fees and costs for abuse of discretion, reviewing questions of law de novo and findings of fact for clear error. *Atlanta Journal & Constitution v. City of Atlanta Dep't of Aviation*, 442 F.3d 1283, 1287 (11th Cir. 2006).

legal expenses) of all claims or legal proceedings arising out of the issuance by Bank of America of the Letter of Credit . . . including, without limitation, legal proceedings related to any court order, injunction, or other process or decree seeking to restrain Bank of America from paying any amount under the Letter of Credit.

On appeal, the Jaffes contend they did not assent to this provision on page two of the three-page Application and Agreement. The Jaffes also contend any recovery under this provision should be limited to BOA's counterclaim for indemnification.

The district court's finding that the Jaffes executed the Application and Agreement, including the page containing the attorney's fees provision, was not clearly erroneous. *See Anderson v. City of Bessemer City*, 470 U.S. 564, 573–75 (1985) (stating under the clear error standard, a district court's factual findings must be upheld if its interpretation of the evidence is plausible). In making this finding, the district court relied upon the parties' Revised Joint Pretrial Stipulation stating the Jaffes "executed an Application and Agreement for Standby Letter of Credit, and are bound by its terms." The district court also relied on the fact that the Application and Agreement—including page two—was marked and admitted into evidence at trial, without objection from the Jaffes. Moreover, "Mr. Jaffe himself identified the exhibit as the application while on the stand."

The district court also did not err in concluding all of the Jaffes' claims against BOA fell within the scope of the Application and Agreement's provision for attorneys' fees, costs, and expenses. The provision is broadly worded, encompassing "all costs and expenses . . . of all claims or legal proceedings arising out of the issuance by Bank of America of the Letter of Credit . . . ." Here, all of the claims asserted against BOA—which included an injunction to restrain BOA's payment of the Letter of Credit, an alleged breach of fiduciary duty, equitable estoppel, and negligent misrepresentation—purported to arise from the issuance of the Letter of Credit or constituted legal proceedings relating to the Jaffes' attempt to enjoin BOA from paying the Letter of Credit. Accordingly, the district court did not err in concluding BOA was entitled to an award of attorneys' fees and costs under the Application and Agreement.

## II.

The district court also concluded BOA was entitled to attorneys' fees and litigation expenses under a separate source, Fla. Stat. § 675.111(5). On appeal, the Jaffes contend this finding was erroneous because they did not seek injunctive relief against BOA under the Florida Statute.

Florida Statute § 675.111(5) states: "Reasonable attorney's fees and other expenses of litigation must be awarded to the prevailing party in an action in

4

which a remedy is sought under this chapter." There is no dispute BOA was the prevailing party. In both their original and amended complaints, the Jaffes expressly sought an injunction against BOA pursuant to Fla. Stat. § 675.109(2). Under the plain language of Fla. Stat. § 675.111(5), reasonable attorneys' fees and the expenses of litigation *must* be awarded to BOA, as the prevailing party, because the Jaffes' suit was an action in which a remedy was sought under chapter 675. Thus, the district court did not err in awarding reasonable attorneys' fees and litigation expenses to BOA, the prevailing party, under Fla. Stat. § 675.111(5).[3]

**AFFIRMED.**

---

[3] The Jaffes also contend any recovery under Fla. Stat. § 675.111 would be limited to their claim for injunctive relief. We need not consider this issue, as BOA is entitled to attorneys' fees on the Jaffes' other claims under the Application and Agreement.