THIS OPINION HAS NO PRECEDENTIAL
 VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
 EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 
 AAW Travel
 Center, L.L.C., Alexis P. Kisteneff, Sr., and Elvira Kisteneff, Appellants,
 
 
 
 
 

v.

 
 
 
 Cola 20, L.L.C.
 d/b/a Columbia 20 Travel Center, L.L.C., Adkins, L.P., Adkins Real Estate
 Holdings L.L.C., Michael J. Adkins, Vernis Adkins, Barbara Adkins, Richard
 Griffin, Griffin & Associates, P.C., David Blinder, Jack Mester, and
 Colony United Business Brokers, Inc., Defendants,
 
 Of Whom Colony
 United Business Brokers, Inc., Jack Mester, and David Blinder are Respondents.
 
 
 
 
 

Appeal from Richland County
J. Michelle Childs, Circuit Court Judge

Memorandum Opinion No. 2010-MO-031
 Heard October 5, 2010  Filed November 8,
2010   

REVERSED AND REMANDED

 
 
 
 Richard Gleissner and Robert B. Phillips, of Finkel
 Law Firm, of Columbia, for Appellants.
 Brian  Dumas, of Peake, Fowler & Associates, of
 Columbia, for Respondents.
 
 
 

PER CURIAM:  The appellants, AAW Travel Center, L.L.C.,
 Alexis P. Kisteneff, Sr., and Elvira Kisteneff ("Buyer") appeal from
 a circuit court order holding them in contempt for failing to commence
 arbitration proceedings against the respondents, Colony United Business
 Brokers, Inc., Jack Mester, and David Blinder ("Broker").  We reverse
 the finding of contempt and remand the matter to the circuit court for entry of
 an order of dismissal.
I.
The initial dispute in this
 case arose out of the purchase of a truck stop in Richland County.  The Buyer filed
 a complaint alleging fraud and misrepresentation against the sellers, the
 Broker, and others involved in the transaction.  The circuit court stayed the
 action and ordered arbitration as to any claims against the Broker.  
When the Buyer did not file
 an application to commence arbitration proceedings, the Broker filed one with
 the American Arbitration Association ("AAA") and listed the Buyer as
 the claimant.  A disagreement subsequently arose as to who was the initiating
 party responsible for paying the filing fee, and the application ultimately was
 returned to the Broker by the arbitration organization because of the parties'
 failure to pay the fee.  
The Broker then moved in the
 circuit court to have the Buyer held in contempt, and it also sought dismissal
 of the civil action for the Buyer's failure to arbitrate.  The circuit court
 found the Buyer was in contempt of the prior arbitration order based on its
 failure to commence arbitration proceedings and ordered the Buyer to file its
 arbitration claim and pay the filing fee within sixty days or face dismissal of
 its civil action.  The Buyer appeals from this order. 
II.
We reverse the
 finding of contempt and hold dismissal of the civil action is the more
 appropriate remedy in this case.  
The Buyer notified AAA, with
 a copy to the Broker's counsel, that it would not be paying the required filing
 fee because it was not the party seeking arbitration.  The letter stated in
 pertinent part as follows:

 We have
 made no demand for arbitration and will not be paying for any arbitration.  Mr.
 Dumas' clients [the Broker] desire to arbitrate, not my clients.  If he wants
 to arbitrate, he can pay for it.  If he doesn't want to pay for it, we will
 move before the Circuit Court of South Carolina to have the case restored to
 the active docket and consider his demand for arbitration as waived.  

At oral argument before this
 Court, the Buyer's counsel acknowledged that arbitration of its claims against
 the Broker was required by the parties' agreements in this case, and that
 arbitration was, therefore, appropriately ordered.  Since the circuit court had
 already ordered arbitration, there was no legal basis by which the Buyer could
 have asked the circuit court to "restore" the civil case to the
 active docket and consider arbitration to be "waived."  The circuit
 court tried to provide the Buyer with additional time to comply with its order
 compelling arbitration by holding the Buyer in contempt and then allowing it
 additional time to commence arbitration as had been previously ordered. 
 However, we hold there is no clear and convincing evidence that the Buyer's
 actions in failing to prosecute its claims against the Broker warranted a contempt
 finding; rather, under the circumstances presented here, the more appropriate
 result for the failure of the claims to proceed to arbitration as ordered is dismissal
 of the Buyer's civil action against the Broker.  
III.
Based on the foregoing, we
 reverse the circuit court's order and remand the matter to the circuit court
 for entry of an order of dismissal of the civil action pursuant to Rule
 220(b)(1), SCACR and the following authorities:  Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79 (2002) (stating procedural questions
 that grow out of a dispute and bear on its final disposition are presumptively
 not for the judge, but for the arbitrator to decide); Durlach v. Durlach,
 359 S.C. 64, 71, 596 S.E.2d 908, 912 (2004) ("Civil contempt must be
 proved by clear and convincing evidence."); Spartanburg County Dep't of
 Soc. Servs. v. Padgett, 296 S.C. 79, 82-83, 370 S.E.2d 872, 874 (1988)
 (observing willful disobedience of a court order may result in a finding of
 contempt and stating "[a] willful act is defined as one 'done voluntarily
 and intentionally with the specific intent to do something the
 law forbids, or with the specific intent to fail to do something the law
 requires to be done; that is to say, with bad purpose either to disobey or
 disregard the law'" (quoting Black's Law Dictionary 1434 (5th ed.
 1979)); Miller v. Miller, 375 S.C. 443, 652 S.E.2d 754 (Ct. App. 2007)
 (stating a finding of contempt is a serious matter, and it should be imposed
 sparingly); see also Frazier
 v. Dreyfuss, 14 So. 3d 1183 (Fla. Dist. Ct. App. 2009) (noting the
 plaintiff's court case was dismissed for failure to arbitrate); Merrifield
 v. Hadlock, 961 A.2d 1107 (Me. 2009) (holding where the parties
 impeded the alternative dispute resolution process, dismissal of the complaint
 was the proper remedy).
REVERSED AND REMANDED. 
TOAL, C.J., PLEICONES,
 BEATTY, KITTREDGE and HEARN, JJ., concur.