*990
 
 TOWBIN SINGER, MICHELE, Associate Judge.
 

 This is an appeal from the trial court’s denial of a motion for attorney’s fees. Chase had filed a foreclosure action against the Valcareels. The trial court dismissed without prejudice Chase’s foreclosure action against the Valcareels, not on the merits but rather due to misconduct of counsel for Chase. The Valcareels then filed a Florida Rule of Civil Procedure 1.525 Motion for Attorneys’ Fees and Costs asserting that they were entitled to costs as the prevailing party and also under rule 1.420(d). They also argued that they are entitled to attorney’s fees as the prevailing party pursuant to section 57.105(7), Florida Statutes (2009), as provided for in the fee provisions of the note and mortgage. The trial court concluded that the order of dismissal was not a judgment and denied the motion for fees and costs. The Valcareels filed this appeal.
 

 Chase argues on appeal that the order dismissing its foreclosure action was not a final order and, therefore, this non-final order on the motion for attorney’s fees is not appealable under Florida Rule of Appellate Procedure 9.130. Chase further argues that in any event, the order of dismissal should not entitle the Valcareels to recover attorney’s fees.
 

 First, this court addresses Chase’s jurisdiction argument. Florida Rule of Appellate Procedure 9.130(a)(4) provides that non-final orders entered after the final order on authorized motions are reviewable. Therefore, the question is whether the order of dismissal without prejudice is a final appealable order.
 

 An order dismissing an action without prejudice and without granting leave to amend is a final appealable order.
 
 Silvers v. Wal-Mart Stores, Inc.,
 
 763 So.2d 1086, 1086 (Fla. 4th DCA 1999); see
 
 also Carnival Corp. v. Sargeant,
 
 690 So.2d 660 (Fla. 3d DCA 1997). “The order of dismissal is clearly final when, for instance, the claim could only be pursued by filing a new complaint....”
 
 Hinote v. Ford Motor Co.,
 
 958 So.2d 1009, 1010 (Fla. 1st DCA 2007) (citing
 
 Delgado v. J. Byrons, Inc.,
 
 877 So.2d 822 (Fla. 4th DCA 2004)). Chase has not cited any case which holds otherwise. Therefore, Chase’s argument that the order was not final is totally without merit and this court has jurisdiction.
 

 We next address the issue of attorney’s fees. “Generally, a trial court’s determination of which party prevailed and its award of attorney’s fees is reviewed for an abuse of discretion.”
 
 T & W Developers, Inc. v. Salmonsen,
 
 31 So.3d 298, 301 (Fla. 5th DCA 2010) (citations omitted). “However, when entitlement rests on the interpretation of a statute or contract, our review is de novo.”
 
 Id.
 

 The Valcareels argue that they are entitled to attorney’s fees as the prevailing party. The Valcareels’ note and mortgage provides that the prevailing party would be entitled to attorney’s fees and costs. Thus, the next issue is whether the Valcar-cels can be considered the prevailing party. It is not necessary for there to be an adjudication on the merits in order to be entitled to fees as a prevailing party.
 
 See, e.g., Baratta v. Valley Oak Homeowners’ Ass’n at the Vineyards, Inc.,
 
 891 So.2d 1063 (Fla. 2d DCA 2004).
 

 The trial court granted the Valcareels’ motion to dismiss as a sanction against Chase for sending a letter regarding the Valcareels’ mortgage directly to the Val-carcels, rather than the Valcareels’ lawyer. This mailing was a violation of rule 1.080(b), which requires service to be made upon a party’s attorney when he is represented by counsel.
 

 Florida Rule of Civil Procedure 1.420(b) provides in pertinent part: “(b) Involuntary Dismissal. Any party may move for
 
 *991
 
 dismissal of an action or of any claim against that party for failure of an adverse party to comply with these rules or any order of court.” Rule 1.420(d) provides: “(d) Costs. Costs in any action dismissed under this rule shall be assessed and judgment for costs entered in that action.”
 

 In
 
 Stout Jewelers, Inc. v. Corson,
 
 639 So.2d 82 (Fla. 2d DCA 1994), the court stated:
 

 Rule 1.420(d) provides in pertinent part that “[cjosts in any action dismissed under this rule shall be assessed and judgment for costs entered in that action.” In the context of a plaintiffs voluntary dismissal of a case, Florida courts have consistently interpreted the rule as authorizing a trial court to award attorney’s fees as costs to a defendant as the prevailing party when such an award is provided for either by statute or a contract between the parties.
 
 E.g., Stuart Plaza, Ltd. v. Atlantic Coast Dev. Corp. of Martin County,
 
 493 So.2d 1136 (Fla. 4th DCA 1986). Since rule 1.420(d) contemplates both voluntary and involuntary dismissals, we see no reason why this interpretation should not be applied to a situation involving an involuntary dismissal of a plaintiffs case. Thus, based on the fee provision in the parties’ lease, Stout was entitled to an award of fees as costs for successfully obtaining an involuntary dismissal of the case if it was the prevailing party.
 

 Id.
 
 at 83-84.
 

 In
 
 Frazier v. Dreyfuss,
 
 14 So.3d 1183 (Fla. 4th DCA 2009), the plaintiffs appealed from an order awarding attorney’s fees against them in favor of the defendant as the prevailing party following the trial court’s dismissal of their action alleging securities fraud because they failed to arbitrate their claims. Citing
 
 Alhambra Homeowners Association v. Asad,
 
 943 So.2d 316 (Fla. 4th DCA 2006), this court affirmed the award. In
 
 Asad,
 
 the plaintiff realized that it had not given notice as a condition precedent to its suit and voluntarily dismissed its complaint. The trial court found that the defendants were the prevailing party and awarded them attorney’s fees. Relying on
 
 Asad,
 
 this court held that the defendant prevailed when the case was dismissed even though it was an involuntary dismissal as opposed to a voluntary dismissal as in
 
 Asad. Frazier,
 
 14 So.3d at 1185.
 

 The trial court erred in denying the Valcarcels’ motion for attorney’s fees and costs based upon its finding that the order was not a judgment. Although the dismissal order was not an adjudication on the merits, the Valcarcels can nonetheless be considered the prevailing party. They are entitled to an award of attorney’s fees because the action against them was dismissed. We, therefore, reverse and remand to the trial court to determine the amount of attorney’s fees that should be awarded to the Valcarcels for both the trial and appellate proceedings.
 

 Reversed and Remanded.
 

 TAYLOR and CIKLIN, JJ., concur.