LEVINE, J.
 

 The issue presented in this appeal is whether the trial court erred in denying appellant’s motion for attorney’s fees after the trial court dismissed appellee’s case without prejudice. We find that appellant was entitled to attorney’s fees in this case, and we reverse.
 

 Appellee sued appellant for a single count of breach of contract due to damage to a race car that appellant rented from appellee. After two years of litigation, appellee’s attorney moved to withdraw from the case. The trial court granted counsel’s motion to withdraw and set a mandatory status conference for October 15, 2009. The trial court required attendance and stated that “[fjailure to attend (plaintiff must have counsel) shall result in dismissal/default & /or other sanctions.” When appellee did not appear on October 15, the trial court reset the status conference for October 22, and the court restated its admonition that dismissal, default and/or other sanctions would result if ap-pellee did not attend the conference with counsel. On October 22, appellee’s “principal and managing agent” appeared at the hearing without counsel and attempted to file a notice of voluntary dismissal. The trial court dismissed the case without prej
 
 *445
 
 udice at the October 22 hearing, noting that the managing agent could not submit a notice of voluntary dismissal for the corporation without counsel, but recognizing the agent’s oral request for dismissal.
 

 Since the court reserved jurisdiction for attorney’s fees, appellant subsequently filed a motion for attorney’s fees and costs on the basis that the dismissal was voluntary, and as such, appellant was the prevailing party under the rental contract. Appellee responded, this time through counsel, by filing a motion to strike the request for attorney’s fees and a motion for clarification regarding the reason for dismissal on October 22. After a hearing on the motion for clarification, the trial court held that it dismissed the case without prejudice as a sanction for appellee’s failure to comply with the trial court’s order to appear at the status conference with counsel. The trial court subsequently denied appellant’s motion for attorney’s fees without prejudice to refile the motion based on the clarification. Appellant refiled his motion, and the trial court denied the request for attorney’s fees, concluding that since the dismissal was without prejudice, the litigation did not necessarily end with the trial court’s order of dismissal. This appeal ensues.
 

 We review de novo the trial court’s rulings on entitlement to attorney’s fees in this case as a question of law.
 
 See, e.g., Save on Cleaners of Pembroke II Inc. v. Verde Pines City Center Plaza LLC,
 
 14 So.3d 295, 297 n. 4 (Fla. 4th DCA 2009).
 

 We find that the trial court erred in not finding appellant the prevailing party. “The general rule is that when a plaintiff voluntarily dismisses an action, the defendant is the ‘prevailing party’ within the meaning of statutory or contractual provisions awarding attorney’s fees to the ‘prevailing part/ in litigation.”
 
 Alhambra Homeowners Ass’n v.
 
 Asad, 943 So.2d 316, 318 (Fla. 4th DCA 2006).
 

 Likewise, when the court dismisses an action without prejudice as a sanction, the defendant may be deemed a prevailing party. In
 
 Valcarcel v. Chase Bank USA NA,
 
 54 So.3d 989 (Fla. 4th DCA 2010), the trial court dismissed without prejudice the plaintiffs foreclosure action as a sanction due to the plaintiffs counsel’s misconduct. The defendants filed a motion for attorney’s fees on the basis that the suit was involuntarily dismissed and that they were the prevailing parties. The trial court concluded that the order of dismissal without prejudice was not a final judgment and denied the motion for attorney’s fees and costs. This court disagreed and determined that it was “not necessary for there to be an adjudication on the merits in order to be entitled to fees as a prevailing party.”
 
 Id.
 
 at 990. This court also concluded that the defendants were entitled to attorney’s fees as prevailing parties in the case. “Although the dismissal order was not an adjudication on the merits, the [defendants] can nonetheless be considered the prevailing party. They are entitled to an award of attorney’s fees because the action against them was dismissed.”
 
 Id.
 
 at 991.
 

 In the present case, we do not reach the issue of whether the dismissal order was predicated on appellee’s agent’s notice or whether the dismissal was a sanction. Either way, appellant was entitled to attorney’s fees as the prevailing party in the case under
 
 Alhambra
 
 or
 
 Valcarcel.
 
 Like
 
 Valcarcel,
 
 the dismissal in this case was not an adjudication on the merits, since it was a dismissal without prejudice. Under
 
 Valcarcel,
 
 however, a defendant may “prevail” even where the case is not dismissed on the merits. The fact that the trial court dismissed the case without prejudice was sufficient to trigger appellant’s entitle
 
 *446
 
 ment to attorney’s fees as the prevailing party under the rental contract.
 

 For the foregoing reasons, we reverse and remand for further proceedings consistent with this opinion.
 

 Reversed and remanded.
 

 WARNER and POLEN, JJ., concur.