[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14726
Non-Argument Calendar
_____

D.C. Docket No. 2:08-cv-00556-UA-DNF


2002 IRREVOCABLE TRUST FOR RICHARD C. HVIZDAK,
a legal trust,
2007 RICHARD C. HVIZDAK SEPARATE TRUST,
a Delaware trust,
RCH TRUST HOLDINGS I, LP,
a Delaware limited partnership,

                    Plaintiffs - Appellants,

versus

THE HUNTINGTON NATIONAL BANK,
successor by merger with Sky Bank, et al.,

                    Defendants,

SHENZHEN DEVELOPMENT BANK CO., LTD,

                    Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 26, 2013)

Before HULL, WILSON and JORDAN, Circuit Judges.

PER CURIAM:

Plaintiffs below, the 2002 Irrevocable Trust for Richard C. Hvizdak, the 2007 Richard C. Hvizdak Separate Trust, and RCH Trust Holdings I, LP, appeal the district court's award of $434,036.90 in attorney's fees to Shenzhen Development Bank Co. (SDB).  Appellants originally brought an action against SDB and other defendants alleging fraud, negligent misrepresentation, negligence, and conspiracy to commit fraud.  The district court granted summary judgment, and we affirmed.  *See 2002 Irrevocable Trust for Richard C. Hvizdak v. Huntington Nat'l Bank*, 428 F. App'x 924 (11th Cir. 2011).  The district court then granted SDB's motion for attorney's fees pursuant to Florida Statute Section 675.111(5), which mandates the award of "[r]easonable attorney's fees and other expenses of litigation . . . to the prevailing party in an action in which a remedy is sought under this chapter."  Appellants concede that SDB is a prevailing party under the statute, but argue that because their amended complaint contained no specific request for injunctive relief pursuant to chapter 675, the present case does

2

not involve "an action in which a remedy is sought under" chapter 675 and the award of attorney's fees was improper. *See* Fla. Stat. § 675.111(5). We disagree and affirm.

We review the district court's award of attorney's fees and costs only for abuse of discretion, analyzing questions of law de novo and reviewing questions of fact for clear error. *Atlanta Journal & Constitution v. City of Atlanta Dep't of Aviation*, 442 F.3d 1283, 1287 (11th Cir. 2006). After careful review of Appellants' brief and the record,[1] we discern no abuse of discretion in the award of attorney's fees to SDB. Appellants' initial complaint sought an injunction under section 675.109, and Appellants obtained a temporary restraining order under section 675.109. Moreover, although Appellants amended complaint did not specifically invoke chapter 675 as the basis of relief, Appellants' theory of liability throughout this litigation has been letter-of-credit fraud as defined by section 675.109 of the Florida Statutes. Because section 675.109's letter-of-credit fraud was the key legal theory underlying Appellants' claims below, the district court did not abuse its discretion in finding that this case involves "an action in which a remedy is sought under [chapter 675]," Fla. Stat. § 675.111(5), and that SDB was therefore entitled to attorney's fees as the prevailing party therein.

**AFFIRMED.**

---

[1] SDB did not file an appellee's brief in this case.

3