[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

Nos. 12-11117 & 12-11348
Non-Argument Calendar
_____

D.C. Docket No. 0:10-cv-61519-MGC

DEPENDABLE COMPONENT SUPPLY, INC.,

Plaintiff-Appellant
Cross-Appellee,

versus

CARREFOUR INFORMATIQUE TREMBLANT, INC.,
ASHFORD FINANCE, LLC,
LC.COM, LTD.,
d.b.a. Corporate Funding Partners,

Defendants-Appellees,

FIRST AMERICAN BANK OF ILLINOIS,

Defendant-Appellee
Cross-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(July 18, 2014)

Before KRAVITCH, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Dependable Component Supply[1] appeals from the district court's January 26, 2012 orders clarifying that its prior Final Order of Dismissal served as an adjudication on the merits and granting in part Defendant-Appellee First American Bank's motion for attorneys' fees and costs.  Defendant cross-appeals the order granting in part its motion for attorneys' fees.[2]  Plaintiff also purports to appeal the district court's September 28, 2011 denial of Plaintiff's motion to reopen the case and/or for leave to file an amended complaint, which Defendant argues we have no jurisdiction to review, as Plaintiff failed to appeal the court's denial of the motion within thirty days.  We address this jurisdictional issue at the outset before turning our attention to the award of attorneys' fees and costs.  After careful review, we affirm.

I.

---

[1]    We note that James A. Stepan has moved to withdraw as counsel for Plaintiff Dependable Component Supply due to his recent move to a law firm not retained by Plaintiff.  The law firm of Genovese, Joblove & Battista, P.A., has also moved to withdraw as counsel for Plaintiff.  Both motions are DENIED without prejudice to renewal when it is confirmed that Plaintiff has continued representation by new counsel.  Until then, Mr. Stepan and the Genovese firm will remain as counsel of record for Plaintiff.

[2]    Plaintiff's motion to strike the first twelve pages of Defendant's Reply Brief on its cross-appeal is DENIED.  In considering Defendant's cross-appeal, however, we disregarded the section of Defendant's Reply Brief to which Plaintiff objected.

We outline the procedural history of this case to provide background for the jurisdictional issue presented by the parties on appeal.

Plaintiff filed suit against Defendant on July 12, 2010, in Florida state court for wrongful dishonor of a letter of credit and fraud.  Defendant removed the action to federal court based on diversity of citizenship pursuant to 28 U.S.C. § 1332.  Defendant then moved to dismiss the complaint for failure to state a cause of action under Federal Rule of Civil Procedure 12(b)(6) and for failure to plead fraud with particularity under Rule 9(b).

On May 13, 2011, the district court granted Defendant's motion and dismissed Plaintiff's claims against Defendant without prejudice, granting Plaintiff leave to amend its complaint within fourteen days.  The court warned Plaintiff that "[f]ailure to file the amended pleading will result in a final order of dismissal of Dependable Component's claims with and/or without prejudice."  Nevertheless, Plaintiff failed to amend its complaint within the time allowed by the district court and made no request for an extension.  The amendment period expired on May 27.

Upon Defendant's motion, the district court entered a Final Order of Dismissal on June 9, 2011, noting that Plaintiff failed to amend its complaint by the May 27 deadline despite the court's warning that failure to do so would result in a final dismissal.  Although the district court again stated that the dismissal of

3

Plaintiff's claims against Defendant was without prejudice, the court directed the clerk to close the case.  Plaintiff did not appeal the Final Order of Dismissal.

Defendant then moved for attorneys' fees and costs on July 27, 2011.  One week later, Plaintiff filed a motion to reopen the case and/or for leave to amend its complaint, admitting that it failed to amend its complaint during the fourteen-day window because it decided to "cut its losses and not continue with the case." Finding that Plaintiff had failed to articulate good cause as to why it waited three months to take action, the district court denied Plaintiff's motion on September 28, 2011.  In doing so, the court again emphasized that Plaintiff was cautioned that failure to file an amended complaint by May 27, 2011, would result in a final order of dismissal, which the court entered on June 9.  Plaintiff did not appeal the denial of its motion to reopen / amend.

Upon request for clarification from the magistrate judge regarding whether the district court intended its Final Order of Dismissal to serve as an adjudication on the merits for purposes of attorneys' fees, the court entered an order on the magistrate's Report and Recommendation on January 26, 2012.  Acknowledging that both the original dismissal with leave to amend and the Final Order of Dismissal stated that Plaintiff's claims against Defendant were dismissed without prejudice, the district court stated that this Circuit recognizes that a dismissal without prejudice becomes a dismissal with prejudice when no timely amendment

4

is filed and no request for an extension is made.  Therefore, the court found, the Final Order of Dismissal was a dismissal with prejudice and constituted an adjudication on the merits.  On the same day in a separate order, the district court granted in part Defendant's motion for attorneys' fees and costs.  It is from these two January 26, 2012 orders that Plaintiff now timely appeals.  Before addressing the appeals from the January 26, 2012 award of attorneys' fees, however, we first turn to the jurisdictional issue with respect to Plaintiff's purported appeal of the September 28, 2011 order.

## II.

On appeal, Plaintiff asks us to also review the district court's September 28, 2011 denial of its motion to reopen / amend even though Plaintiff failed to appeal that denial within thirty days pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A).  Plaintiff contends that the September 28, 2011 denial of its motion was interlocutory and therefore merged with the January 26, 2012 order.  Plaintiff argues that the January 26 order was the first unambiguously final order issued by the district court in that it clarified that the Final Order of Dismissal was with prejudice, giving this Court leave to review the prior "interlocutory" denial of its motion to reopen / amend on Plaintiff's timely appeal from the January 26 order.  This argument is without merit.

5

The law of this Circuit is clear that a dismissal with leave to amend becomes final for purposes of appeal at the expiration of the window to amend:

> In dismissing the complaint, the district court may also provide for a stated period within which the plaintiff may amend the complaint. If the plaintiff does not amend the complaint within the time allowed, no amendment may be made absent leave of court, and the dismissal order becomes final at the end of the stated period. For appeal purposes, we hold that the order of dismissal in this situation becomes final upon the expiration of the time allowed for amendment.

Schuurman v. Motor Vessel Betty K V, 798 F.2d 442, 445 (11th Cir. 1986). Thus, the district court's dismissal of Plaintiff's complaint became final when the fourteen-day window to amend expired on May 27, 2011. Plaintiff cannot justify its failure to take action for over three months by claiming that the "without prejudice" language in the initial dismissal and in the Final Order of Dismissal resulted in an inability to appeal. "'A dismissal is a final order, and appealable as such, whether it is with or without prejudice.'" Hertz Corp. v. Alamo Rent-a-Car, Inc., 16 F.3d 1126, 1133 n.14 (11th Cir. 1994) (quoting 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2376 (1971)).

Moreover, the district court warned Plaintiff in its initial dismissal that failure to amend would result in a final order of dismissal, which the court entered on June 9, 2011. And at the very latest, the district court's June 9, 2011 Final Order of Dismissal provided notice that the district court's dismissal of Plaintiff's complaint was final for purposes of appeal, especially in light of the court's

6

direction to close the case.[3]  Plaintiff failed to timely appeal either order, instead filing a very belated motion to reopen the case and/or for leave to amend the complaint only after Defendant moved on July 27, 2011, for attorneys' fees and costs.  Plaintiff then failed to appeal the district court's September 28, 2011 denial of that motion to reopen / amend within thirty days.

Plaintiff cannot now reach back to appeal the district court's dismissal of its complaint or the court's denial of Plaintiff's motion to reopen / amend.[4]  Thus, we limit our review to the district court's January 26, 2012 orders clarifying that its Final Order of Dismissal was an adjudication on the merits (for purposes of the prevailing-party issue for attorneys' fees) and granting in part Defendant's motion

---

[3]    Moreover, even if the June 9 dismissal extended the period of time in which Plaintiff could amend its complaint, which we do not agree that it did, Plaintiff failed to amend within a reasonable time, at which point the June 9 order became final in any event.  Plaintiff then failed to timely appeal that order.

[4]    We also note that Plaintiff did not specify the district court's September 28, 2011 Order Denying Motion to Reopen Case and/or Leave to File Amended Complaint in its notice of appeal.  "The general rule in this circuit is that an appellate court has jurisdiction to review only those judgments, orders or portions thereof which are specified in an appellant's notice of appeal."  Osterneck v. E.T. Barwick Indus., Inc., 825 F.2d 1521, 1528 (11th Cir. 1987), aff'd sub nom. Osterneck v. Ernst & Whinney, 489 U.S. 169, 109 S. Ct. 987 (1989); Weatherly v. Ala. State Univ., 728 F.3d 1263, 1271 (11th Cir. 2013).  Plaintiff argues that the September 28, 2011 order denying its motion to reopen / amend was interlocutory and merged with the January 26, 2012 order on the magistrate's Report and Recommendation, but as discussed above, we are unpersuaded.

7

for attorneys' fees and costs.[5]  We now turn to Plaintiff's appeal and Defendant's cross-appeal from those orders.

### III.

We review a district court's award of attorneys' fees and costs for an abuse of discretion, reviewing questions of law de novo and findings of fact for clear error.  Atlanta Journal and Constitution v. City of Atlanta Dept. of Aviation, 442 F.3d 1283, 1287 (11th Cir. 2006).  Where the right to attorneys' fees and costs sounds in state law and reaches this Court by way of federal diversity jurisdiction, we apply the substantive law of the forum state.  Trans Coastal Roofing Co. v. David Boland, Inc., 309 F.3d 758, 760 (11th Cir. 2002).  We therefore apply Florida law.

Following the district court's entry of the Final Order of Dismissal, Defendant moved for attorneys' fees under Florida Statutes § 675.111(5).  That provision states that "[r]easonable attorney's fees and other expenses of litigation must be awarded to the prevailing party in an action in which a remedy is sought under this chapter," which includes the claim for wrongful dishonor of a letter of credit asserted by Plaintiff.  Fla. Stat. § 675.111(5) (Supp. 2013).

---

[5]    Thus, Defendant's motion for dismissal for lack of jurisdiction of Plaintiff's appeal of the September 28, 2011 order, which was carried with the case, is GRANTED.

Under Florida law, the prevailing party for purposes of attorneys' fees is the party that prevailed on any significant issue in the litigation. Moritz v. Hoyt Enters., Inc., 604 So. 2d 807, 809–10 (Fla. 1992) (adopting the prevailing-party test outlined by the Supreme court in Hensley v. Eckerhart, 461 U.S. 424, 103 S. Ct. 1933 (1983)). The result obtained governs the determination of which party prevailed, and "the fairest test to determine who is the prevailing party is to allow the trial judge to determine from the record which party in fact prevailed on the significant issues tried before the court." Green Cos., Inc. v. Kendall Racquetball Inv., Ltd., 658 So. 2d 1119, 1121 (Fla. Dist. Ct. App. 1995). Florida law looks for "(1) a situation where a party has been awarded by the court at least some relief on the merits of his claim, or (2) a judicial imprimatur on the change in the legal relationship between the parties." Smalbein ex rel. Estate of Smalbein v. City of Daytona Beach, 353 F.3d 901, 905 (11th Cir. 2003).

Here, Defendant is the prevailing party under Florida law, as the district court dismissed Plaintiff's action against Defendant, despite the fact that the dismissal was without prejudice. See Valcarcel v. Chase Bank USA NA, 54 So. 3d 989, 991 (Fla. Dist. Ct. App. 2010) (holding that even though the complaint was dismissed without prejudice as a sanction for misconduct and even though the order of dismissal was therefore not an adjudication on the merits, the defendants were nevertheless properly considered the prevailing party for purposes of

9

attorneys' fees); Henn v. Ultrasmith Racing, LLC, 67 So. 3d 444, 445–46 (Fla. Dist. Ct. App. 2011) ("[A]ppellant was entitled to attorney's fees as the prevailing party in the case . . . . Like *Valcarcel*, the dismissal in this case was not an adjudication on the merits, since it was a dismissal without prejudice. Under *Valcarcel*, however, a defendant may 'prevail' even where the case is not dismissed on the merits. The fact that the trial court dismissed the case without prejudice was sufficient to trigger appellant's entitlement to attorney's fees as the prevailing party under the rental contract."); Baratta v. Valley Oak Homeowners' Ass'n, 891 So. 2d 1063, 1065 (Fla. Dist. Ct. App. 2004) (holding that the defendant became the prevailing party and thus properly claimed attorney's fees when the plaintiff's claim was involuntarily dismissed for failure to prosecute); see also Alhambra Homeowners Ass'n, Inc. v. Asad, 943 So. 2d 316, 318 (Fla. Dist. Ct. App. 2006) (holding that a defendant is the prevailing party within the meaning of statutory provisions awarding attorney's fees to the prevailing party even when the plaintiff voluntarily dismisses the action).[6] Thus, the district court correctly

---

[6] We note that the magistrate judge in this case discussed the holding of the district court in Sanchez v. Swire Pacific Holdings, Inc., No. 09-20235-CIV, 2009 WL 2005272, at *4 (S.D. Fla. July 9, 2009), that a defendant is not a prevailing party for purposes of attorney's fees when a complaint is dismissed without prejudice because no substantive change in the legal relationship of the parties occurs in that situation. The Sanchez court dismissed the complaint without prejudice to refile based on the plaintiff's failure to file an opposing memorandum of law. Id. The court determined that the defendant had not prevailed in the overall litigation and therefore was not entitled to attorney's fees because the legal relationship between the parties had not yet been altered in any substantive way and no significant issue had been determined, as

determined that Defendant was entitled to attorneys' fees as the prevailing party under § 675.111(5).

Regarding the amount of attorneys' fees awarded, Florida law applies the lodestar method, which requires courts to determine the number of hours reasonably expended on the litigation and the reasonable hourly rate for the type of litigation, multiply the reasonable number of hours by the reasonable hourly rate, and, when appropriate, adjust the fee. Fla. Patient's Comp. Fund v. Rowe, 472 So. 2d 1145, 1151–52 (Fla. 1985). The court is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper

---

the complaint had merely been dismissed with leave to refile due to a "procedural default." Id. at *4, *5; see also Shaw v. Schlusemeyer, 683 So. 2d 1187, 1188 (Fla. Dist. Ct. App. 1996) ("In the instant case, the dismissal of Mr. Shaw's complaint was without prejudice and he was granted leave to amend the complaint. . . . The dismissal was based on procedural grounds and not a determination of any significant issue in the case. Importantly, the instant dismissal did not bring the litigation to an end. In fact, by its very terms, the order afforded Mr. Shaw an opportunity to correct what the trial court viewed as a technical defect in his complaint. Under these facts, it was error to award Ms. Schlusemeyer prevailing party attorney's fees.").

In the case at bar, on the other hand, the district court's dismissal of the complaint without prejudice was based not on a procedural ground or technical defect but rather on Plaintiff's failure to state a cause of action for wrongful dishonor of a letter of credit and its failure to adequately plead fraud. Thus, we find the dismissal without prejudice of the complaint here to be more aligned with the Florida cases finding that a defendant is the prevailing party for purposes of attorneys' fees when he succeeds in having the plaintiff's complaint involuntarily dismissed. See, e.g., Baratta v. Valley Oak Homeowners' Ass'n, 891 So. 2d 1063, 1065 n.3 (Fla. Dist. Ct. App. 2004) ("However, the trial court here did not abuse its discretion in designating Valley Oak as the prevailing party, when it succeeded in involuntarily dismissing Baratta's claim [for failure to prosecute]."). Our conclusion is also supported by the fact that a dismissal without prejudice under Rule 12(b)(6) becomes a dismissal with prejudice when no timely amendment is made and no request for an extension is submitted. Hertz Corp. v. Alamo Rent-a-Car, Inc., 16 F.3d 1126, 1127 n.3 (11th Cir. 1994).

11

fees and may form an independent judgment either with or without the aid of witnesses as to the reasonableness of the fee request. Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988).

The district court here applied the lodestar method, reducing the number of billable hours requested and decreasing the varying hourly rates requested by Defendant's attorneys to an hourly rate of $350 for each lawyer. See id. at 1299, 1302 (instructing that excessive, redundant, or otherwise unnecessary hours should be excluded from the amount claimed and that a reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation). We do not think the district court's findings as to the reasonable number of hours expended in the litigation and the reasonable hourly rate were clearly erroneous.

On cross-appeal, Defendant argues that the district court erred in limiting the award of attorneys' fees to the litigation of the wrongful dishonor of a letter of credit claim. Defendant argues that § 675.111(5) provides for greater recovery in that it does not contain a limitation to fees expended in litigating a particular claim but rather provides for attorneys' fees and other expenses incurred in the overall action in which a remedy is sought under Chapter 675. Plaintiff, on the other hand, argues that the district court erred in failing to limit the award of attorneys' fees to those fees incurred in litigating the wrongful dishonor of a letter of credit claim.

12

The official comment to § 675.111(5) states:

> The court must award attorney's fees to the prevailing party, whether that party is an applicant, a beneficiary, an issuer, a nominated person, or adviser. . . . The party entitled to attorneys' fees has been described as the "prevailing party."  Sometimes it will be unclear which party "prevailed," for example, where there are multiple issues and one party wins on some and the other party wins on others.  Determining which is the prevailing party is in the discretion of the court. Subsection (e) authorizes attorney's fees in all actions where a remedy is sought "under this article."  It applies even when the remedy might be an injunction under Section 5-109 or when the claimed remedy is otherwise outside of Section 5-111.

Fla. Stat. § 675.111 cmt. 6.  "In all actions" is meant to be broadly construed:

"'Action,' in the sense of a judicial proceeding, includes recoupment, counterclaim, setoff, suit in equity, and any other proceedings in which rights are determined."  Id. § 671.201(1).[7]  Although scant authority exists on this issue, courts have recognized the breadth of § 675.111(5) and have awarded attorneys' fees under that provision in actions involving multi-count complaints without limiting the fees to the litigation of particular counts.  See, e.g., Jaffe v. Bank of Am., N.A., 674 F. Supp. 2d 1360, 1362–63 (S.D. Fla. 2009), aff'd sub nom. Jaffe v. Bank of Am. Corp., N.A., 399 F. App'x 535 (11th Cir. 2010).

For example, in Jaffe v. Bank of America, N.A., the district court awarded attorneys' fees to the defendant in an action in which the plaintiffs sought an

---

[7]    The general definitions in part II of Chapter 671 apply to Chapter 675.  Fla. Stat. § 675.103(3).

injunction under Chapter 675 but also alleged breach of fiduciary duty, equitable estoppel, negligent misrepresentation, fraud, unjust enrichment, and civil conspiracy.  Id. at 1362, 1363.  After the court vacated the preliminary injunction and entered a final judgment in favor of the defendants on all of the plaintiffs' claims, the district court awarded attorneys' fees to the defendant without separating the claim for a Chapter 675 injunction from the rest of the claims, holding that "because this was an action in which a remedy was sought under chapter 675 (i.e. an injunction against paying under a letter of credit), reasonable attorneys' fees and expenses of litigation must be awarding [sic] to the prevailing party."  Id.[8]

Similarly, this Court in a more recent unpublished opinion affirmed an award of attorneys' fees that did not differentiate between fees incurred in litigating the Chapter 675 claim from fees incurred in litigating other claims.  In upholding the award, this Court stated that "[b]ecause section 675.109's letter-of-credit fraud was the key legal theory underlying Appellants' claims below, the district court did not abuse its discretion in finding that this case involves 'an

---

[8]    See also 2002 Irrevocable Trust for Richard C. Hvizdak v. Shenzhen Dev. Bank Co., Ltd., No. 2:08-cv-556-FtM-36DNF, 2011 WL 4112776, at *1, *2–*3 (M.D. Fla. Sept. 15, 2011) (asserting that § 675.111(5)'s grant of attorney's fees and expenses whenever "a remedy is sought under this chapter" is broad in scope and awarding fees to the defendant, in an action where the plaintiffs sought injunctive relief under Chapter 675 but also pled fraud, negligent misrepresentation, negligence, and conspiracy to commit fraud, without limiting the award to fees incurred in the litigation of the injunctive relief), aff'd sub nom. 2002 Irrevocable Trust for Richard C. Hvizdak v. Huntington Nat'l Bank, 515 F. App'x 792 (11th Cir. 2013).

action in which a remedy is sought under [chapter 675],' and that [the defendant] was therefore entitled to attorney's fees as the prevailing party therein." 2002 Irrevocable Trust for Richard C. Hvizdak v. Huntington Nat'l Bank, 515 F. App'x 792, 794 (11th Cir. 2013) (citation omitted).

Although the few interpretations of § 675.111 to date appear to support a finding that separation of time spent on allegations of a wrongful dishonor of a letter of credit is not necessary when that was Plaintiff's key legal theory underlying the litigation, we need not in this case definitively so decide. In this case, Plaintiff has failed to persuade us that the attorneys' fees awarded were attributable to claims too unrelated to the wrongful dishonor claim. For example, the district court in determining the award of attorneys' fees referred to the case as a "run-of-the-mill wrongful dishonor of a letter of credit action." Moreover, we think the overall award to be reasonable. Thus, we find that the district court did not abuse its discretion in awarding attorneys' fees in the amount of $61,175.98 to Defendant in this matter.[9] Accordingly, the judgment of the district court is

AFFIRMED.

---

[9] Defendant's cross-appeal is DENIED. Although Defendant indicated in its July 27, 2011 motion for attorney's fees and in its September 19, 2011 reply memorandum its desire to amend the motion to include additional fees incurred in litigating entitlement to attorneys' fees and in responding to Plaintiff's post-judgment motions, Defendant failed to file a motion for leave to amend its motion for attorneys' fees and costs and cannot now complain that the district court erred in not awarding additional fees. Moreover, we find that the fees awarded are reasonable and sufficient for the work done.