NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

SNEHAL PATEL and PRATIKSHA PATEL, )
                                  )
        Appellants,             )
                                  )
v.                                     )         Case No. 2D14-1417
                                  )
U.S. BANK NATIONAL ASSOCIATION, )
as Trustee for Lehman XS Trust Mortgage )
Pass-Through Certificates Series 2007- )
15N; SHADOW GLEN AT COLONIAL I )
RESIDENTS' ASSOCIATION, INC.; )
SHADOW GLEN AT COLONIAL II )
RESIDENTS' ASSOCIATION, INC.; )
COLONIAL COUNTRY CLUB OF LEE )
COUNTY MASTER ASSOCIATION, INC.; )
MORTGAGE ELECTRONIC )
REGISTRATION SYSTEMS, INC.; LUIS A. )
RUIZ; and UNKNOWN SPOUSE OF )
LUIS A. RUIZ, )
                                  )
        Appellees.            )
_____ )

Opinion filed December 31, 2014.

Appeal from the Circuit Court for Lee
County; William C. McIver, Senior Judge.

P. Brandon Perkins and Brett C. Powell of
The Powell Law Firm, Fort Myers; and Scott
Kuhn of Kuhn Law Firm, P.A., Fort Myers,
for Appellants.

Nancy M. Wallace and Ryan D. O'Connor
of Akerman LLP, Tallahassee; and William
P. Heller of Akerman LLP, Fort Lauderdale,
for Appellee U.S. Bank National Association

as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates Series 2007-15N.

No appearance for Appellees Shadow Glen at Colonial I Residents' Association, Inc.; Shadow Glen at Colonial II Residents' Association, Inc.; Colonial Country Club of Lee County Master Association, Inc.; Mortgage Electronic Registration Systems, Inc.; Luis A. Ruiz; and Unknown Spouse of Luis A. Ruiz.


ALTENBERND, Judge.

Snehal and Pratiksha Patel appeal an order that vacated a prior order of dismissal in a foreclosure action. We reverse this procedurally odd order without prejudice to the rights of U.S. Bank National Association and the other appellees to seek relief from judgment pursuant to Florida Rule of Civil Procedure 1.540.

U.S. Bank filed a mortgage foreclosure action against the Patels in March 2012. The case was tried on October 18, 2013. It is undisputed that at the trial the judge asked for a copy of the note attached to the complaint, and the clerk of court represented that no note was attached to the complaint. As a result, the court entered an order involuntarily dismissing the case without prejudice on that date. The order did not grant U.S. Bank leave to amend.

Within a few hours, it apparently was determined that the clerk had been in error and that a note was attached to the complaint. Because the parties were not available to return that day to resolve this confusion, the trial court advised them to address the matter by a motion for rehearing.

U.S. Bank did not file a motion for rehearing. Shadow Glen at Colonial II Resident's Association, Inc. ("the Association"), filed a motion for rehearing that was served on October 31, 2013. The trial court granted the Association's motion in February 2014 and vacated the involuntary dismissal as to all parties. The Patels appeal this order.

"An order dismissing an action without prejudice and without granting leave to amend is a final appealable order." Valcarcel v. Chase Bank USA NA, 54 So. 3d 989, 990 (Fla. 4th DCA 2010). Rendition of such an order can be stayed, however, upon the filing of a timely, authorized motion, including a motion for rehearing. See Fla. R. App. P. 9.020(i). At the time of these events, Florida Rule of Civil Procedure 1.530 required a motion for rehearing to be served not later than ten days after the date of filing of the judgment.[1] It is undisputed that the Association's motion was untimely as a motion for rehearing.[2]

U.S. Bank argues that the Association's motion should be treated as a timely motion for relief from judgment under rule 1.540. The motion does not invoke that rule, and its content does not appear to be a motion under that rule. The motion is not verified or supported by an affidavit, which is usually necessary for a motion

---

[1]Effective January 1, 2014, that time has been increased to fifteen days. In re Amendments to the Fla. Rules of Civil Procedure, 131 So. 3d 643, 649 (Fla. 2013).

[2]Notably, even if the motion had been timely, it would not have stayed rendition of the order for U.S. Bank because it was not filed by or on behalf of U.S. Bank. See Fla. R. App. P. 9.020(i)(1). Thus, the order involuntarily dismissing the action had become final for U.S. Bank long before the filing of the trial court's order granting rehearing.

pursuant to rule 1.540.  See DiSarrio v. Mills, 711 So. 2d 1355 (Fla. 2d DCA 1998).  We conclude that the motion was not a motion for relief from judgment.

The trial court did not have power to grant the Association's untimely motion for rehearing.  Accordingly, we reverse the order entered on rehearing, which vacated the prior order of dismissal, and direct the trial court on remand to once again enter an order of involuntary dismissal.  This result does not bar U.S. Bank or the other appellees from seeking relief by way of a timely and procedurally adequate motion for relief from the judgment entered on remand.

Reversed and remanded.

KELLY and BLACK, JJ., Concur.