# Third District Court of Appeal

## State of Florida

Opinion filed November 2, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1813
Lower Tribunal No. 21-5567
_____

**Richard M. Samuel,**

Appellant,

vs.

**Hamptons West Condominium Association, Inc.,**

Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Mark Blumstein, Judge.

Richard Samuel, in proper person.

Backer Aboud Poliakoff & Foelster, LLP, and Kenneth E. Zeilberger (Boca Raton), for appellee.

Before EMAS, HENDON and BOKOR, JJ.

PER CURIAM.

Affirmed. See § 718.1255(4)(m), Fla. Stat. (2022) (providing: "Any party to an arbitration proceeding may enforce an arbitration award by filing a petition in a court of competent jurisdiction in which the condominium is located. A petition may not be granted unless the time for appeal by the filing of a complaint for trial de novo has expired. If a complaint for a trial de novo has been filed, a petition may not be granted with respect to an arbitration award that has been stayed. If the petition for enforcement is granted, the petitioner shall recover reasonable attorney fees and costs incurred in enforcing the arbitration award"); 51 Island Way Condo. Ass'n, Inc. v. Williams, 458 So. 2d 364, 366 (Fla. 2d DCA 1984) ("[T]here need not be a determination on the merits in a lawsuit for purposes of a fee award if the applicable statutory provision provides for fees to a 'prevailing party'") (citation omitted). See also Catamaran B.Y., Inc. v. Giordano, 337 So. 3d 439, 441 (Fla. 3d DCA 2022) ("It is not necessary for there to be an adjudication on the merits in order to be entitled to fees as a prevailing party") (quoting Valcarcel v. Chase Bank USA NA, 54 So. 3d 989, 990 (Fla. 4th DCA 2010)).